UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---

IN RE: DEPUY ORTHOPAEDICS, INC. )
PINNACLE HIP IMPLANT PRODUCTS )  MDL Docket No. 3:11-md-02244-K
LIABILITY LITIGATION )
)
) **Motion Seeking Entry of Proposed**
) **Case Management Order No. 1**
) **Establishing A Plaintiffs'**
) **Oversight Committee and a**
) <u>**Plaintiffs' Steering Committee**</u>

---
This Document Relates to All Cases

---

The undersigned counsel conferred with counsel for defendants in the drafting of this Motion for Entry of Proposed Case Management Order ("CMO") No. 1 for the Appointment of a Plaintiffs' Oversight Committee and a Plaintiffs' Steering Committee ("PSC"). Defendants' counsel has reviewed the attached proposed CMO and does not have any objections to the content of the proposed CMO to the extent it is unrelated to the Plaintiffs' management structure or provisions on Court-awarded fees and costs, topics as to which Defendants presently take no position. The undersigned plaintiffs' counsel have participated in meetings and telephone conferences with other plaintiffs' counsel, and have listened to, and considered, various ideas and proposals concerning the organizational structure of plaintiffs' counsel before this MDL Court. The undersigned plaintiffs' counsel proposed to comprise the Oversight Committee also circulated a draft of this motion to all of the known plaintiffs' counsel for their review and consideration.

### A.    <u>Proposed Structure Of Plaintiffs' Designated Counsel</u>

The undersigned counsel for plaintiffs respectfully recommend that the Court adopt a plaintiffs' leadership structure consistent with the Manual for Complex Litigation, 4th Edition ("MCL 4th"), as follows:

1. An appointment of the undersigned counsel to an Oversight Committee for communication purposes with the Court and to ensure direction and oversight of the larger appointed PSC. See Exhibit A, attached hereto. The proposed Oversight Committee would consist of attorneys and law firms that are located in jurisdictions throughout the nation that counsel expect numerous cases to emanate from, and which include attorneys and law firms with extensive experience leading large and complex mass tort litigations. The Oversight Committee will strive to reach a balance between giving the attorneys involved in this litigation ample opportunity to have input while at the same time avoiding unnecessary duplication of effort and other inefficiencies.

2. An appointment of a large, democratically created and very inclusive PSC consisting of each of the 30 proposed law firms that have expressed a willingness and commitment to participate and fund the prosecution of this litigation. See Exhibit A, attached hereto.

### B.     Applications for Appointment to the Oversight Committee

Consistent with the Manual for Complex Litigation, plaintiffs' counsel who seek to be appointed to the Oversight Committee have submitted letter applications to the Court in which counsel have set forth their qualifications to oversee this large and complex litigation. See Exhibit B, attached hereto.

### C.     Creation of Internal PSC Committees

Additionally, consistent with MCL 4th §22.62, Plaintiffs will form internal committees (Law, Discovery, Science, Marketing, Experts, Trial, and Liaison Counsel), to gather the expertise necessary to prove causation and other elements of plaintiffs' cases; manage discovery; coordinate the various filings; and communicate with counsel for plaintiffs, counsel for defendants, and the Court. See also MCL 4th §10.22 (stating that counsel appointed to leadership positions assume "an obligation to act fairly, efficiently, and economically" and that "committees of counsel…should try to avoid unnecessary duplication of effort"). Attorneys who are not designated as Oversight

Committee or PSC members will have the opportunity to apply to either the Court or to the Oversight Committee to be added to a particular PSC sub-committee and to have input in the litigation through the committee.[1]

### D. The Fairness and Propriety of the Proposed Organizational Structure

In proposing this organizational structure, the undersigned have solicited and taken into account the suggestions of other plaintiffs' counsel. We have been mindful of the suggestions and cautions of Sections 10.221-222 of the Manual For Complex Litigation, Fourth Edition (Federal Judicial Center 2004) ("MCL 4th") regarding fairness, efficiency, cost control, and avoidance of duplication, in the context of the particular challenges of this litigation. Plaintiffs' proposed CMO No. 1 has taken the initiative in providing a structure, as the MCL 4th prescribes, for Oversight counsel and a PSC which shall include committees "to coordinate discovery and other pretrial preparation" recognizing that "lead counsel and committees of counsel for the plaintiffs in mass tort litigation perform a host of functions. They develop proof of liability and anticipate defenses; gather the expertise necessary to prove causation and other elements of plaintiffs' cases . . . manage discovery; coordinate the various filings; and communicate with counsel for plaintiffs, counsel for defendants, and the court." MCL 4th, Second. 22.62.

Pursuant to their appointment, it is anticipated that counsel appointed to the Oversight Committee would take the next step of preparing detailed proposed Orders, for Court consideration and approval, that delineate in greater detail, and consistent with the recommendations of Sections 10.221-10.222; 14.212-14.216; and 22.62 of the MCL 4th, the roles and responsibilities of respective counsel, the time and costs reporting systems

---

[1] It is not proposed that the Court establish those committees or appoint attorneys to be members of those committees at this time, but that the Oversight Committee and the PSC should endeavor to appoint such committee members.

essential to avoid waste and duplication, and a common benefit assessment system to equitably spread costs among all beneficiaries of the work of this MDL.

## CONCLUSION

The undersigned counsel for plaintiffs are of the view that a number of plaintiffs' law firms who have filed actions on behalf of plaintiffs in these proceedings can make significant contributions to the effective and efficient prosecution of these cases. We believe that the applying plaintiffs' law firms, working cooperatively together, will best bring to bear the talent and experience capable of prosecuting these cases.

Wherefore, the undersigned counsel respectfully recommend that the Court enter proposed CMO No. 1 and adopt the proposed Organizational Structure, thereby embracing an inclusive approach that enables numerous plaintiffs' law firms to participate in discovery and specialized legal work, under the supervision of the proposed Oversight Committee.

Respectfully submitted,

By:   */s/ W. Mark Lanier*
      W. Mark Lanier
      TX SBN:  11934600
      The Lanier Law Firm, P.C.
      6810 F.M. 1960 West
      Houston, TX  77069
      Telephone:  (713) 659-5200
      Facsimile:  (713) 659-2204
      wml@lanierlawfirm.com

By:   */s/ Edward Blizzard*
      Edward Blizzard
      Blizzard, McCarthy & Nabers
      440 Louisiana, Ste. #1710
      Houston, TX  77002
      Telephone:  (713) 844-3750
      Facsimile:  (713) 844-3755
      eblizzard@blizzardlaw.com

By:    */s/* Paul Hanly
       Paul Hanly
       Hanly Conroy Bierstein Sheridan
           Fisher Hayes LLP
       112 Madison Avenue
       New York, NY  10016
       Telephone:  (212) 784-6400
       Facsimile:  (212) 213-5949
       phanly@hanlyconroy.com

By:    */s/* Richard Arsenault
       Richard J. Arsenault
       Neblett, Beard & Arsenault
       2200 Bonaventure Court
       Alexandria, LA  71309
       Telephone:  (800) 256-1050
       Facsimile:  (318) 561-2591
       rarsenault@nbalawfirm.com

By:    */s/* Ken Seeger
       Seeger Salvas LLP
       455 Market Street, Suite 1530
       San Francisco, CA  94105
       Telephone:  (415) 981-9260
       Facsimile:  (415) 981-9266
       kseeger@seegersalvas.com

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(b), counsel for the Plaintiffs, W. Mark Lanier, conferred with John H. Beisner, counsel for the Defendants, concerning this Motion. Mr. Beisner has no objection to relief requested set forth in the proposed Order.

                                            /s/ W. Mark Lanier
                                            W. Mark Lanier

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the Motion Seeking Entry of Proposed Case Management Order No. 1 Establishing a Plaintiffs' Oversight Committee and a Plaintiffs' Steering Committee was sent electronically in compliance with Local Rule 5.1. Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule 5.1(d).  Pursuant to Fed.R.Civ.P. 5(b)(2)(D), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via e-mail, facsimile and/or U.S. First Class Mail on this the 8th day of June, 2011.

John H. Beisner
Skadden Arps
1440 New York Avenue, N.W.
Washington, D.C. 20005
john.beisner@skadden.com
***Attorneys for Defendant, DePuy Orthopaedics, Inc.***

                  _____ /s/ W. Mark Lanier
                     W. Mark Lanier