IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Docket No. 3:11-MD-2244-K |
| ------------------------------------------------------ This Document Relates to all Cases ------------------------------------------------------ | § § § § | |

## SUPPLEMENTAL ORDER REGARDING SPECIAL MASTER COMPENSATION

The Court supplements its January 9, 2012 Order Approving Special Master as follows:

Rule 53()(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the master's compensation." *See also* Rule 53(h) (addressing compensation). The Special Master shall be compensated at his current rate of $595 per hour, with the parties bearing this cost equally (50% by the plaintiffs and 50% by the defendants). The Special Master may also call upon other attorneys or paralegals to assist him, as reasonably necessary to fulfill his duties. Other attorneys shall be compensated at the hourly rate of $295 per hour, and paralegals shall be compensated at the hourly rate of $165 per hour. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue. The Court has "consider[ed]

the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

From time to time, on approximately a monthly basis, the Special Master shall submit to the Court an Itemized Statement of fees and expenses (not to include overhead), which the Court will inspect carefully for regularity and reasonableness. Given that, at this junction in the litigation, one of the duties of the Special Master is to assist the Court with legal analysis of the parties' submissions, the Court expects these Itemized Statements will reveal confidential communications between the Special Master and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel. The Special Master shall attach to each Itemized Statement a Summary Statement, which shall not reflect any confidential information and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. The parties shall then remit to the Special Master their half-share of any Court-approved amount, within 20 calendar days of Court approval.

The Court adopts this procedure from other United States District Courts who have employed the same procedure for court-appointed special masters in MDL cases including Judge Ann Aldrich, who used it in *In re: Oral Sodium Phosphate Solution-Based Products*; Judge Sarah Evans Barker, who used it in *In Re: Bridgestone/Firestone*; and

Judge Kathleen M. O'Malley, who used it in *In re: Welding Fumes Products Liability Litigation.*

**SO ORDERED**.

Signed April 30th, 2012.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE