IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Docket No.<br><br>3:11-MD-2244-K |
| -------------------------------------------------------- | § | |
| This Document Relates to all Cases | § § | CASE MANAGEMENT ORDER No. 5 |
| -------------------------------------------------------- | § | |

## CASE MANAGEMENT ORDER NO. 5

Based on the join recommendations of the parties, the Court hereby adopts this Case Management Order, which shall apply to all cases in this MDL proceeding (the "Coordinated Actions").

## I.  TRANSFER AND COORDINATION

The terms of this Order shall apply automatically to the actions that are currently part of this MDL proceeding and to all other cases that become a part of this proceeding by virtue of being instituted in, removed to or transferred to this Court.

Except as otherwise provided herein or by other orders of this Court, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Texas shall govern all procedural matters in the Coordinated Actions.

## II.  SERVICE OF COMPLAINTS

1.  **Defendant's Acceptance of Service by Mail.**  The Court notes that, without conceding that they are proper parties to this litigation and without waiving any arguments as to jurisdiction, the following Defendants have agreed that requests for waiver of service of complaints pursuant to Fed. R. Civ. P. 4(d)(1) can be sent by mail or overnight courier to them at the addresses listed below:

a.      DePuy Orthopaedics, Inc.:

        700 Orthopaedic Drive, PO Box 988
        Warsaw Indiana     46581

        ATTENTION:  Legal Dept.

b.      DePuy Products, Inc.:

        700 Orthopaedic Drive, PO Box 988
        Warsaw Indiana     46581

        ATTENTION:  Legal Dept.

c.      DePuy International, Limted:

        St. Anthony's Road
        Beeston, Leeds,
        West Yorkshire UK LS11 8DT
        United Kingdom

        ATTENTION: Legal Dept.

d.      Johnson & Johnson:

        One Johnson & Johnson Plaza
        New Brunswick NJ   08933

ATTENTION: Legal Dept.

e.     Johnson & Johnson Services, Inc.:

One Johnson & Johnson Plaza
New Brunswick NJ   08933

ATTENTION: Legal Dept.

## III.  PLEADING ISSUES

1. **Short-Form Answers.**  In the interests of judicial economy, each Defendant shall file a Master Answer on the MDL docket, which may set forth a General Denial and include Defendant's affirmative defenses.  The Master Answer shall apply to all cases that have been previously filed in - or transferred to - this MDL proceeding in which answers have not yet been filed, as well as all future-filed cases.  Defendants reserve the right to assert additional affirmative defenses to a particular case consistent with future scheduling orders.  Each Defendant who has been served as a party to an action that is part of this MDL proceeding shall file a Master Answer within thirty days of this Order being entered.

## IV.  DISCOVERY

1. **Scope.**  This Order is intended to apply to discovery that is generally applicable to the cases in this MDL proceeding and all such discovery shall be governed by this Order.  All discovery is stayed, including all case-specific discovery, except that permitted by this Order.  It is anticipated by the Parties that separate orders will be

entered with respect to case-specific discovery in individual cases when those cases are selected for further work-up. A separate order will also be entered with respect to privilege issues.

2. **Dispute Resolution.** To avoid unnecessary motions concerning discovery disputes, counsel are directed to meet and confer before contacting the Court on discovery matters or filing a motion concerning discovery. In the event the parties are unable to resolve their differences after meeting and conferring, the parties are encouraged to contact the Special Master and attempt to resolve their dispute. In the event the parties are still unable to resolve their difference a party may bring the dispute to the Court's attention by motion. Any filing, whether concerning a discovery dispute or other matter, that includes documents or information to be filed under seal pursuant to the Stipulated Protective Order of Confidentiality entered by the Court on May 7, 2012, may be filed under seal without requesting permission of the presiding judge as referenced in Local Civil Rule 79.3(b).

3. **Service and Filing of Discovery Documents.** Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses will not be filed with the Court, except when specifically ordered by the Court or to the extent they are presented in connection with a motion. Discovery requests and responses shall be served by electronic mail on Plaintiffs' Lead Counsel and Executive Committee and on Defendants' Lead Counsel.

4.  **Master Written Discovery by Plaintiffs.**  The Plaintiffs Steering Committee (the "PSC") may serve Master Sets of Requests for Production, Master Sets of Interrogatories, and Master Sets of Requests for Admission on any defendant and may also serve discovery requests on third parties.  Absent Court approval, no requests for production, interrogatories, or requests for admission may be propounded on any defendant other than the master discovery propounded by the PSC.

5.  **Responses to Master Discovery.**  The party served shall respond to discovery in the manner described in the Federal Rules of Civil Procedure in accordance with a schedule that should be negotiated by the parties following service of such discovery requests.

6.  **Documents Produced in ASR Litigation.**  While DePuy does not concede the relevance of all documents produced in the ASR MDL litigation, MDL 2197, *In re: DePuy Orthopaedics, Inc., ASR*™ *Hip Implant Products Liability Litigation* (N.D. Ohio), to this proceeding, DePuy recognizes the efficiencies to be gained by generally making the same materials available in both proceedings on the same rolling basis.  Accordingly, in addition to any documents produced in this proceeding, all documents that have been or will be produced in the ASR MDL litigation are deemed produced in this proceeding (subject to the terms of the protective order entered in this proceeding).

7.  **Document Production Format.**  Documents produced by defendants shall be produced in an electronic format consistent with that described in Case Management

Order No. 4 in this proceeding, and any subsequent orders in this MDL proceeding addressing the format of production.

8. **Deposition - Generally.**  The PSC may serve notices of depositions on any defendant and third parties and may supplement the requests as reasonable without further order of the Court in accordance with a schedule that should be negotiated by the parties.

9. **Expert Designations and Reports.**   The 2011 amendments to the Federal Rule of Civil Procedure 26 shall govern all expert discovery.

## V.   PLAINTIFFS' AND DEFENDANTS' FACT SHEETS

1. **Plaintiffs' Obligation to Complete and Serve Plaintiff Fact Sheet.**  Each individual plaintiff bound by this Order shall serve upon defendants' counsel designated below a completed and signed Plaintiff Fact Sheet ("PFS"), attached as Exhibit A, pursuant to the schedule ordered in paragraphs 3 and 4 below.  Each completed PFS and responsive documents shall be mailed or emailed to:

    a.    Jessica Jaffe, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Jessica.Jaffe@skadden.com); and

    b.    Jennifer Hoekstra, Neblett, Beard & Arsenault, 2220 Bonaventure Court, P.O. Box 1190, Alexandria, Louisiana 71301 (jhoekstra@nbalawfirm.com).

2.    **Answers Binding as if Interrogatory Responses and Signed Under Penalty of Perjury.**  All responses in a PFS are binding on each plaintiff as if they were contained in responses to interrogatories.  Each PFS shall be signed and dated by the plaintiff or the proper plaintiff representative under penalty of perjury; however, they need not be notarized.

3.    **Schedule for Serving Plaintiff Fact Sheets, Responsive Documents and Authorizations.**  Plaintiffs in actions that, as of the date of this Order, were (1) instituted in this Court, (2) instituted in another federal court and transferred to this court, or (3) removed from state court and transferred to this Court in which the plaintiff does not have a pending remand motion or has not provided Defendants' Lead Counsel with notice that the plaintiff intends to file a remand motion, shall complete and serve a PFS pursuant to the following schedule.  Each plaintiff whose last name begins with the letters A-H and whose case has been filed in or transferred to the MDL proceeding prior to entry of this Order shall have one hundred twenty (120) days from the date of entry of this Order to submit the required Plaintiff Fact Sheet.  Each plaintiff whose last name begins with the letters I-P and whose case has been filed in or transferred to the MDL proceeding shall have one hundred fifty (150) days from the date of entry of this Order to submit the required Plaintiff Fact Sheet.  Each plaintiff whose last name begins with the letters Q-Z and whose case has been filed in or transferred to the MDL proceeding shall have one hundred eighty (180) days from the

date of entry of this Order to submit the required Plaintiff Fact Sheet.  Any plaintiff who for good cause requires additional time or for whom it is not possible to complete the PFS should contact Defendants' Lead Counsel and request additional time or to be excused.  If the parties cannot come to agreement, the matter should first be brought to the Special Master before it is brought to the Court.

4.  **Schedule for Serving Plaintiff Fact Sheets, Responsive Documents and Authorizations in All Other Cases.**  Each plaintiff in a case that is filed in or transferred to this MDL proceeding after the entry of this Order and, if the case was removed from state court, in which (1) a motion for remand is not pending, (2) no notice of an intent to file a motion to remand has been provided to Defendants' Lead Counsel, or, (3) a motion to remand to state court has been denied after the entry of this Order, shall serve upon defendants' counsel designated above a complete and signed PFS, all responsive documents (or a written notice that none are in the possession of plaintiff or plaintiff's counsel), and properly executed authorizations within one hundred twenty (120) days from the date the case is docketed in this Court (or the motion to remand has been denied).

5.  **Notice of Overdue or Deficient Discovery.**  When any plaintiff has failed to materially comply with his or her obligations under this Order within the timelines established herein, Defendants' Lead Counsel or his designee shall send a notice of the material deficiency to the plaintiff's counsel for the individual whose responses are

-8-

alleged to be defective ("the deficiency letter").  The deficiency letter shall identify the alleged material deficiency, state that the plaintiff will have thirty (30) days to cure the alleged material deficiency being cured within that time (or within any extension of that time as agreed to by the parties), the defendant may move for dismissal of plaintiff's claims, including dismissal with prejudice upon an appropriate showing.  Deficiency letters shall not be used to annoy or harass a party or delay the discovery process.

6. **Defendant's Fact Sheet.**  The Court understands the parties are negotiating the form of a Defendant's Fact Sheet, which shall be the subject of a separate order.

## VI.  <u>SEVERANCE OF PARTIES</u>

1. **Joinder of Unrelated Individuals.**  A review of the lawsuits that were filed in other forums and then transferred to this Court reveals that, in many instances, a number of unrelated individuals were joined as parties-plaintiff, even though their joinder is not authorized by the Federal Rules of Civil Procedure.  The Court finds that, in all such cases, the plaintiffs must be severed from one another, to comport with both the Federal Rules of Civil Procedure and the Local Rules of this Court.  Accordingly, the complaint of each individual plaintiff in each of the multi-plaintiff Pinnacle Cup System cases in which the plaintiffs do not have a pending remand motion or have not provided Defendants' Lead Counsel with notice that the plaintiffs intend to file a remand motion shall be SEVERED, pursuant to Fed. R. Civ. P. 21, thereby creating an individual case on the behalf of each such plaintiff.  The exception to this rule is that a plaintiff and his

or her spouse and children (and/or other associated derivative claimant) need not be severed from each other.  The Court does not intend for this severance to have any substantive effect on these cases.  The Court directs the Clerk of the Court and each such new plaintiff to adopt the following procedure to implement the severance:

a.  Each of the multi-plaintiff cases shall be severed such that each plaintiff (together with his or her associated derivative claimants) becomes a plaintiff in a new lawsuit, to which a new case number will be assigned. The first plaintiff named in the complaint shall remain in the original lawsuit, even if that plaintiff has earlier been dismissed or otherwise removed from the lawsuit.  For each new case created in this manner, the plaintiff NEED NOT pay a civil filing fee.  Because filing fees are assessed in the original forum, the Court will not assess "additional" filing fees in these new cases, even though such fees would have been appropriate if the actions had been filed here originally.

b.  The Clerk of Court shall enter the following language on the docket of each such newly opened case: "Refer to the Electronic Case Filing System for Case No. XX-XXXXX (the original case number) and Case No. 3:11-md-02244-K for prior entries.

c.  Plaintiffs in these new cases need not serve new process or file amended complaints to reflect severance.  This Order constitutes notice of severance.

In addition, the Court orders that all actions affected or created by this Order shall be treated in all respects as if they were filed on the date of the corresponding original action.

d.      Furthermore, the Court ORDERS that: (1) all attorneys filing related cases in the future should avoid filing complaints joining unrelated individuals as parties-plaintiff; and (2) all attorneys and the Clerk of Court shall comply with the procedures discusses above, if they apply to any future-filed case.  This Court may, in the future, inform transferor courts if an attorney files multi-plaintiff cases and thereby avoids payment of filing fees to those transferor courts.

e.      If any plaintiff believes the severance to be improper or unwarranted, he or she may file an appropriate motion (which shall include a Certificate of Conference) with the Court seeking joinder of the severed cases.

## VII.  <u>MOTIONS TO REMAND TO STATE COURT</u>

1.  **Coordination of Remand Motion.**  The Court designated Kenneth Seeger for plaintiffs and Stephen Harburg for defendants to coordinate the sequencing and processing of all pending and future remand motions with the Special Master.  The Court hereby extends the deadline for filing motions to remand in all cases pending further order of this Court, and further orders that all pending or future motions to remand are hereby stayed pending further order from this Court.  The Defendants have

agreed not to assert untimeliness under 28 U.S.C. § 1447(c) as a defense to any pending

motion to remand or to any future motion to remand filed in compliance with orders

from this Court.

## VIII.   <u>COORDINATION WITH OTHER LITIGATION</u>

1.   **Identification of the State Court Cases.**   In order to facilitate the effort to

achieve cooperation among this proceeding and the various State Court Cases,

Defendants shall provide the Special Master and Plaintiffs' Lead Counsel within twenty

(20) days after the issuance of this Order a list of all State Court Cases, and shall

supplement the list monthly.   Any party may notify the Court of particular State Court

Cases where the Court's efforts might benefit the progress of this proceeding.

## IX.   <u>VENUE STATEMENT SHALL BE FILED IN ALL CASES</u>

The Court hereby requires that a Venue Statement be made in any complaint

filed in the MDL from this point forward.   An example of a Venue Statement would be:

"The venue for this action lies in the Eastern District of Tennessee".

## X.   <u>NORTHERN DISTRICT OF TEXAS LOCAL RULES AND REQUIREMENTS</u>

Finally, the Court reminds the parties to comply with the Local Rules for the

Northern District of Texas, and further reminds the parties that a Certificate of

Conference is required for all but dispositive motions.   In an effort to increase the

efficiency and convenience of case administration for litigants and the court, Judge

Kinkeade requires all counsel to enroll in the Electronic Case Filing ("CM/ECF") System,

and file all documents in accordance with the Northern District of Texas ECF Administrative Procedures Manual.  **All filings shall be made electronically, including new case filings.**

       IT IS SO ORDERED.

       **Signed June 20th, 2012.**

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. ) | |
| PINNACLE HIP IMPLANT PRODUCT ) | MDL No. 2244 |
| LIABILITY LITIGATION ) | |
| ) | |
| _____ ) | |
| ) | Honorable Ed Kinkeade |
| This Document Relates To: ) | |
| ) | |
| *ALL CASES* ) | |
| ) | |

## PLAINTIFF FACT SHEET

Please provide the following information for each individual on whose behalf a claim is being made. Whether you are completing this Plaintiff Fact Sheet for yourself or for someone else, please assume that "You" means the person who had the Pinnacle hip implant on which the lawsuit is based (the "Device") implanted. In filling out this form, please use the following definition: "healthcare provider" means any hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical care or advice, and any pharmacy, x-ray department, radiology department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, or other persons or entities involved in the diagnosis, care and/or treatment of you.

In filling out any section or sub-section of this form, please submit additional sheets as necessary to provide complete information. In addition, if you learn that any of your responses are incomplete or incorrect at any time, please supplement your responses to provide that information as soon as you become aware of this information. This form requests information and documents about your medical condition for a specified period of time. However, defendants reserve the right to request additional information and information for a time period dating further back on a case-by-case basis, at which time the parties will meet and confer as the issue arises.

In completing this Plaintiff Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge, information and belief. If the response to any question is that the person completing this Plaintiff Fact Sheet does not know or does not recall the information requested, that response should be entered in the appropriate location(s).

You may and should consult with your attorney if you have any questions regarding the completion of this form.[1]

---

[1] This Plaintiff Fact Sheet constitutes discovery responses subject to the Federal Rules of Civil Procedure.

## I.     CASE INFORMATION

1.     Name of person on whose behalf a claim is being made (first, middle name or initial, last), including maiden or other names used: _____

2.     Name of person signing this form, if different than above:_____

3.     Please state the following for the civil action that you filed:

     a.     Case caption:_____

     b.     Docket Number:_____

     c.     Name, address, telephone number, fax number and e-mail address of principal attorney representing you:

          Name: _____
          Firm: _____
          Address: _____
          Telephone Number: _____
          Fax Number: _____
          E-mail Address: _____

**THE REST OF THIS PLAINTIFF FACT SHEET REQUESTS INFORMATION ABOUT THE PERSON WHO WAS IMPLANTED WITH THE DEVICE**

## II.     CORE MEDICAL INFORMATION

1.     Implant Date(s): _____

2.     Revision Date(s) (if applicable):_____

3.     If you have had a Device revised, please state the location of the revised components of the Device, if known. _____

4.     Please attach a copy of: (1) the operative report(s) for the implant of the Pinnacle products at issue in this case, including the product identification information/stickers where available, and, if the plaintiff has undergone one or more revision surgeries, (2) the operative report(s) from the surgery(ies) to remove the Pinnacle products at issue in this case.

5.      Identify the following healthcare providers:[2]

      a.      Each doctor or healthcare provider (including, but not limited to, family/primary care physicians, orthopedic surgeons, physical therapists, chiropractors and practitioners of the healing arts) whom you have seen for medical care and treatment for any condition, including, but not limited to, any condition related to your hip, for the period five years before your first hip surgery to the present.

      b.      Each hospital, clinic, surgery center, healthcare facility, physical therapy or rehabilitation centers where you have received medical treatment (in-patient, out-patient, or emergency room visit) for any condition, including, but not limited to, any condition related to your hip, for the period five years before your first hip surgery to the present

      c.      Each facility at which radiographs (x-rays, ultrasounds, MRIs, CT scans) were taken of your hips, pelvis or legs for the period five years before your first hip surgery to the present.

      d.      Each laboratory at which your blood was tested blood levels of any metals, including cobalt and chromium for the period five years before your first hip surgery to the present.

| Name | Address | Nature and approximate dates of visit(s), treatment(s) or test(s) |
|------|---------|-------------------------------------------------------------------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

---

[2] Men are not asked to identify healthcare providers who treated prostate conditions and women are not asked to identify healthcare providers related to birth control or reproductive issues, unless they claim they are related to their hip replacement, and then the healthcare providers need to be identified.

### III.     PERSONAL INFORMATION

1.     Current address and date when you began living at this address:

_____

2.     Social Security Number: _____

3.     Date and place of birth: _____

4.     Current marital status: _____

5.     Has your present or former spouse filed a loss of consortium or other claim in this action?

       Yes: _____          No: _____

6.     For the period of time from five years before your had your first hip surgery, until the present, please identify all of your employers, with name, address and telephone number, your employment dates, your position there, and your reason for leaving if no longer employed there:

| Name of Employer | Address and Telephone Number | Dates of Employment | Describe Your Position or Duties and Specify if Job Required Manual Labor | Reason for Leaving |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

7.     If you have you ever served in the military, please state the branch and dates of service:

_____

8.     If you have Medicare, please state your HICN number: _____

9.     Have you been on or applied for workers' compensation, Social Security, and/or state or federal disability benefits?
       Yes _____       No _____

       If Yes, as to each application, separately state the following and attach any documents you have which relate to the application and/or award of benefits:

       a.     Date (or year) of application: _____

      b.      Type of benefits: _____

      c.      Nature of claimed injury/disability: _____

      d.      Period of disability: _____

      e.      To what agency or company did you submit your application: _____
             _____

      f.      Claim/docket number, if applicable:_____

      g.      Was claim granted?

             Yes _____         No _____

      h.      Amount awarded: _____

10.      Have you ever been involved in an accident or other event as a result of which you suffered any personal injuries to your legs, hips or pelvic area?

      Yes___        No___

      If Yes, please provide the following information and attach copies of any accident reports:

| Place and Date of Accident | Circumstances, Nature, Location, and Extent of Injury | Nature of Activity at Time of Injury | Names and Addresses of Treating Physician(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

11.      Have you ever filed a lawsuit or made a claim against anyone related to any injury to your hip, pelvis or legs, other than the present lawsuit?

          Yes _____ No  _____

      If Yes, please provide the following information and attach copies of all pleadings, releases or settlement agreements and deposition transcripts you have:

| Party You Sued/Made Claim Against | Court in Which Suit Filed/Claim Made | Case/Claim Number | Attorney Who Represented You | Nature of Claim and Injury |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

12.    Other than your retention agreement with your attorney, or any lien or repayment obligations related to medical expenses, have you entered into a transaction, contract or other agreement that creates an obligation to pay or repay money that is contingent on the outcome of your case?

Yes _____    No   _____

If yes, please attach any contracts or other documentation regarding the agreement.

## IV.    MEDICAL BACKGROUND

1.    Current Height:_____

2.    Please state your weight at the following times:

a.    Current:_____

b.    Time of implant:_____

c.    Time of revision surgery (if any):_____

3.    Allergies and Allergic Reactions

a.    Have you ever experienced an allergic reaction to any jewelry or metal?

Yes _____     No _____

b.    If Yes, please state the following:

| Type of Jewelry or Metal | When Allergy Diagnosed | Symptoms of Allergy | Name & Address of Health Care Provider Who Diagnosed Allergy | Treatment Received, if any |
|---|---|---|---|---|
|  |  |  |  |  |

## V.    **IMPLANT**

1.    Did you see, read or rely upon any documents or other information from DePuy in making your decision to have the Device implanted?

Yes \_\_\_\_    No \_\_\_\_

If Yes, please:

a.    Identify each document/source of information: _____

b.    State when you read the document/received the information: _____

c.    State how you obtained the document or information: _____

d.    Do you have the document or written information in your possession?  If  so, please produce a copy of it together with your answers to the Plaintiff  Fact Sheet.

Yes _____    No _____    I don't know _____
If you no longer have the document or written information in your possession, please describe the information that you received to the best of your ability:

_____

2.    Were you given any other written instructions, warnings or other information regarding the implantation of the Device?

Yes\_\_\_  No \_\_\_\_  I don't know \_\_\_\_

a.    If Yes, when did you receive the information? _____

b.    Who gave you the information? _____

c.    Do you have the written information in your possession?  If so, please produce a copy of it together with your answers to the Plaintiff Fact Sheet.

Yes _____    No _____    I don't know _____

d.    If you no longer have the written information, please describe the information that you received to the best of your ability. _____

## VI.   UNREVISED PLAINTIFFS – TO BE ANSWERED ONLY IF YOU HAVE NOT HAD A REVISION SURGERY

1.   Has any doctor recommended that you undergo revision surgery for your Pinnacle implant?

Yes _____        No _____

If Yes, please respond to questions 2 – 6, below.  If No, please proceed to Section VII.

2.   Please provide the name and address of each doctor who has ever told you that you need to have any components of your Device(s) removed, and the date you were told this:_____

3.   Please explain what your doctor told you about why he or she recommended a revision surgery. _____

4.   Has any doctor told you that your medical condition prevents you from having a revision surgery or from having any components of your Device removed?

Yes _____ No _____

If Yes, please provide name and address of each such doctor, the date you were told this, and what the medical condition is:_____

5.   Do you presently plan to have any of the components currently in your body removed?

Yes ___   No_____ Undecided_____

6.   If Yes, please state:

a.   The date scheduled for the surgery to remove/replace the Devices: _____

b.   The name of the surgeon: _____

c.   The name and address of the hospital where the surgery will be performed: _____

## VII.   INJURIES & DAMAGES

1.   Are you claiming any physical injuries or illness as a result of the Device?

Yes _____        No _____

8

If Yes, please describe in detail the following:

    a.       The physical injuries or illness claimed and when the symptoms began:_____

              _____

              _____

    b.       Are those injuries or illnesses continuing?

              Yes _____      No _____

              If Yes, state your current condition and describe any on-going limitations and/or symptoms that you claim were caused by or are related to your Pinnacle implant.
              _____

2.       Are you making a claim for lost wages or lost earning capacity?

       Yes _____      No _____

       If Yes, describe your claim.  Your description should include the problems that limited or prevented you from working, any permanent limitation on the types of jobs you can perform, the total amount of time (and amount of income) you have lost or will lose from work as a result of any condition that you claim or believe was caused by the Device, and an explanation of how those amounts were calculated:

       _____

       _____

3.       Please produce all documents related to the medical expenses (whether paid by you, insurers, Medicare or other third parties) for which you seek recovery in this lawsuit:

4.       If you are filling this out on behalf of an individual who is deceased and on whom an autopsy was performed, please attach a copy of the death certificate and any autopsy report.

## VIII.   <u>DOCUMENT DEMANDS</u>

       Please produce the following documents:

1.       For the surgery in which the Pinnacle Device was implanted, (1) copies of the product identification information/sticker for your Device; (2) the pre-operative history and physical report; (3) the implant operative report; and (4) the discharge summary.

2.      For each revision surgery:  (1) copies of the product identification information/sticker for any prosthetic components or other hardware that was implanted; (2) the pre-operative history and physical report; (3) the implant operative report; and (4) the discharge summary.

3.      Any x-rays of your hip(s).

4.      documents that relate in any way to your application for, or award of, workers' compensation benefits for any injury or condition related to your hip during the period from five years before your first hip surgery to the present.

5.      Copies of any accident report(s) related to any accident or event, in which or as a result of which you suffered any personal injuries to your legs, hips or pelvic area.

6.      Copies of all pleadings, releases or settlement agreements and deposition transcripts related to any lawsuit or claim against anyone related to any injury to your hip, pelvis or legs.

7.      Documentation of any agreement you have entered into, other than your retention agreement with your attorney or any lien or repayment obligations related to medical expenses, which creates an obligation to pay or repay money that is contingent on the outcome of your case.

8.      Copies of any documents from DePuy that you read or relied on in making your decision to have the Device implanted.

9.      Copies of any written instructions, warnings or other information received from any source regarding the implantation of the Device, including any informed consent form.

10.     Copies of any communications with any present or former employee of DePuy, Johnson & Johnson or any DePuy distributor or sales representative concerning the Device or matters in any way related to this lawsuit.

11.     If you are filling out this Plaintiff Fact Sheet on behalf of an individual who is deceased, provide a copy of the letter of administration and a copy of the death certificate.

12.     If you are filling out this Plaintiff Fact Sheet on behalf of an individual who is deceased, provide a copy of any autopsy report.

## IX.    <u>AUTHORIZATIONS</u>

Complete and sign the attached Authorizations.

## X.    <u>**VERIFICATION**</u>

I declare under penalty of perjury that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge upon information and belief, that I have supplied all the documents requested in this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration.

Date:    _____          _____
                                                                                Signature

**EXHIBIT B**

## <u>LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION</u>

**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)**

TO:
Patient Name:
DOB:
SSN:

I, _____, hereby authorize you to release and furnish to: Skadden, Arps, Slate, Meagher & Flom, Barnes & Thornburg LLP, and/or RecordTrak copies of the following information:

* All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians.  Said medical records shall include all information regarding AIDS and HIV status.

* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.

* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.

* All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs.

* All billing records including all statements, itemized bills, and insurance records.

1.   To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation.  You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion.  Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2.   I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).  It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3.   I understand that I have the right to revoke this authorization at any time.  I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the

health information management department.  I understand the revocation will not apply to information that has already been released in response to this authorization.  I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.  Unless otherwise revoked, this authorization will expire in one year.

4.  I understand that authorizing the disclosure of this health information is voluntary.  I can refuse to sign this authorization.  I need not sign this form in order to assure treatment.  I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524.  I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.  If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5.  A notarized signature is not required.  CFR 164.508.  A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date_____