IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Docket No. 3:11-MD-2244-K |
| ------------------------------------- | § § | |
| This Document Relates to all Cases | § § § | |
| ------------------------------------- | § | |

### Special Master's Report Relating to Bellwether Trial Selection Protocol

Pursuant to Case Management Order No. 8, the Special Master has conferred with the Court-appointed Plaintiffs Executive Committee and counsel for the Defendants and the parties have agreed to the following relating to selection of bellwether trials, and respectfully suggest it be implemented by the Court:

1. By April 1, 2013, Plaintiffs' Lead Counsel shall inform Defendants' Lead Counsel and the Court which of the plaintiffs with cases pending in the MDL proceeding have waived venue to allow their case to be tried in the Northern District of Texas. Defendants' Lead Counsel have already agreed that they will not raise a venue objection (i.e., a <u>Lexecon</u> objection) to any cases in the MDL proceeding being tried in the Northern District of Texas. However, to insure the broadest pool of cases for the bellwether selection process, the parties respectfully request the Court consider presiding over bellwether trials in the transferor district, if necessary.

DAL:853739.1

2. By June 3, 2013, Plaintiffs and Defendants (the "parties") will each select four revision cases as proposed bellwether trial candidates from among the cases that are pending in the MDL proceeding by October 31, 2012, and for which a Plaintiff's Fact Sheet ("PFS") will have been provided by February 28, 2013. This will result in an initial pool of eight cases, four selected by each party (the "Initial Pool").

3. The parties will then be allowed to collect any additional medical records, X-rays, employment records and disability records not obtained as part of the PFS process with respect to the Initial Pool. Defendants will also be permitted to depose each of the plaintiffs in the Initial Pool and the parties will be permitted to depose the plaintiff's treating doctor. In addition, Defendants will meet and confer with Plaintiffs to identify up to four sales representatives from among those who detailed the treating doctor, whose documents will be produced to Plaintiffs. Plaintiffs will then be permitted to take the deposition of one sales representative for each case in the Initial Pool. The depositions will be completed by August 19, 2013.

4. Pursuant to Section 7 of CMO #5, by September 2, 2013, the parties will submit an agreed upon list of four recommended bellwether trial selections, or, if they are unable to reach agreement, each party will submit its four cases to the Court along with a brief setting out that party's recommendation as to which four cases the Court should select as the initial bellwether cases. The Court will then select four cases as the

initial bellwether cases and will establish the order in which those four cases will be tried.

5. A case selected for a bellwether trial may only be dismissed by the plaintiff with prejudice. If a case selected by the Court for a bellwether trial is voluntarily dismissed by the plaintiff, other than as the result of a settlement, then the Court shall replace that case with a case suggested by Defendants. If a case selected by the Court for a bellwether trial is dismissed as the result of a settlement, then the Court shall replace that case with a case suggested by Plaintiffs.

Dated: January 16, 2013.

Respectfully submitted,

_____
James M. Stanton
Texas State Bar No. 24037542
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Phone: (214) 659-4400
Fax: (214) 659-4401

COURT-APPOINTED
SPECIAL MASTER

CERTIFICATE OF SERVICE

I certify that this document was electronically filed via ECF which, pursuant to Northern District of Texas Local Rule 5.1(d), constitutes service pursuant to the Federal Rule of Civil Procedure.

_____
James M. Stanton