IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, | § | |
| INC. PINNACLE HIP IMPLANT | § | MDL Docket No. |
| PRODUCTS LIABILITY | § | |
| LITIGATION | § | 3:11-MD-2244-K |
| | § | |
| ------------------------------------------------------- | § | |
| This Document Relates to all Cases | § | |
| ------------------------------------------------------- | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART THE
PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL FUTHER
PRODUCTION OF DOCUMENTS**

Before the Court is the Plaintiffs' Steering Committee's Motion to Compel Further

Production of Documents [Dkt. 238].   As set forth fully herein, the motion is

**GRANTED** in part and **DENIED** in part without prejudice to being re-urged.

**Factual & Procedural Background**

On December 24, 2012, the Plaintiffs' Steering Committee (hereinafter the "PSC")

filed its Motion to Compel Further Production of Documents and Memorandum in

Support [Dkt. 238].   On January 18, 2013, Defendants DePuy Orthopaedics, Inc. and

DePuy Products, Inc. (hereinafter the "Defendants") filed their Memorandum of Law in

Opposition to Plaintiffs' Steering Committee's Motion to Compel Further Production

of Documents [Dkt. 250].   The PSC filed its reply on January 21, 2013 [Dkt. 251].

On January 23, 2013, the Court conducted a conference with counsel to discuss,

*inter alia*, the PSC's motion [Dkt. 238] and, following the January 23, 2013, conference,

the Defendants submitted for *in camera* review the final drafts of six quarterly reports from the corporate monitor appointed pursuant to a deferred prosecution agreement between DePuy Orthopaedics, Inc. and the United States Attorney for the District of New Jersey (hereinafter the "Monitor Reports").  Following the Court's *in camera* review of the Monitor Reports, the Court invited the Defendants to submit any additional briefing regarding production of the Monitor Reports on February 26, 2013 [Dkt. 267]. The Defendants filed the additional briefing in the form of a sur-reply on March 11, 2013 [Dkt. 272].

For the reasons set forth herein, the PSC's motion is GRANTED in part. Defendants are ORDERED to produce a complete copy of the Monitor Reports to the office of Larry P. Boyd, Co-Lead Counsel for Plaintiffs, by May 20, 2013, and Mr. Boyd is instructed to handle the documents in accordance with the terms of this ORDER.  The remainder of the PSC's motion is DENIED without prejudice to be re-urged following review of the quarterly monitor reports.

### The Monitor Reports are Discoverable

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The rule further provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action" and that "[r]elevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Degen v. United States*, 517 U.S. 820, 825-26 (2006) ("In a civil case . . . a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.").

The plaintiffs' claims in this litigation include negligence, fraudulent misrepresentation, and failure to properly design, manufacture, and market the Pinnacle system.   The factual underpinnings of the legal claims include allegations that Defendants (1) failed to exercise reasonable care in the marketing and promoting of the Pinnacle system by failing to adequately and correctly warn the plaintiffs and their physicians of the dangers of the Pinnacle system, (2) provided false information to the plaintiffs and their physicians regarding the quality, safety, and effectiveness of the Pinnacle system, and (3) were negligent in advertising the Pinnacle system including the research, promotion, and marketing the sale of the Pinnacle system.

Defendants argue the Monitor Reports are irrelevant and not "focused on DePuy's conduct with respect to the Pinnacle System."  The Monitor Reports expressly address issues related to the sale and marketing of hip and knee reconstruction and replacement products which includes the Pinnacle system.  The Monitor Reports are relevant to the marketing and promotional practices related to the Pinnacle system.

The Fifth Circuit has observed the broad discretion of district courts in determining relevance in discovery: "[c]ourts have traditionally construed 'relevance'

broadly: information is relevant if it encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). Indeed, "[u]nless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). The district court is "accorded wide discretion in handling discovery matter," *Coughlin*, 946 F.2d at 1159; *see also Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973), and discovery rulings are reviewed under an abuse of discretion standard. *Coughlin*, 946 F.2d at 1159.

The Monitor Reports describe the relationships between the Defendants and physicians who use or promote DePuy-brand products.  The Reports detail how DePuy consultants market DePuy products through speaking engagements, resident training courses, and sponsorship of continuing medical education programs at conferences.  This information is relevant and could lead to the discovery of admissible evidence on the claims that DePuy failed to correctly warn physicians of Pinnacle system dangers, negligently recommended the product, and  supplied  false information  to physicians.

### Producing the Monitor Reports is Not Overly Burdensome and Does Not Create an Undue Hardship

The Federal Rules of Civil Procedure state that the court may limit discovery of material, even if relevant, where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii).  After the moving party establishes the materials requested are within the scope of permissible discovery, the party resisting discovery must show specifically how each request is not relevant or is overly broad, burdensome or oppressive. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Defendants have failed to specifically articulate how production of the Monitor Reports would be overly burdensome or create an undue hardship.  Specific information must be provided as to the efforts or investigations that would be necessary to produce the documents requested. *See McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (recitations of expense and burdensomeness that are merely conclusory insufficient defeat motion to compel).

The Monitor Reports themselves are easily identifiable and require no document review.  Because the Monitor Reports have already been produced for an *in camera* review by the Court, producing them in discovery will not be overly burdensome or create an undue hardship.

While the Monitor Reports themselves are discoverable, at this time, the PSC's motion to compel production of underlying documents and information related to or included in the Monitor Reports is denied without prejudice. The PSC may re-urge its motion after reviewing the Monitor Reports, and the Defendants arguments regarding

burdensomeness and hardship will receive additional analysis by the Court, if necessary, based on the specific documents or information being sought.

## Confidentiality Safeguards

Defendants express concern that the Monitor Reports, even if discoverable, should be treated with appropriate confidentiality.  First, the parties have entered into a Stipulated Protective Order of Confidentiality [Dkt. 131] which provides for an agreed protocol for handling sensitive documents, discovery, and depositions.  Second, the Defendants acknowledge they agreed to the corporate monitor, including the reporting process, and no privilege attaches to the communications.  Finally, any trade secrets in the Monitor Reports have been redacted and the corporate monitor states in her reports that she closely guarded any confidential business information provided by DePuy due to the possibility that the Monitor Reports would become public.

## Limitations on Use of and Access to the Monitor Reports

Defendants request numerous limitations regarding use of and access to  the Monitor Reports.  To insure the Monitor Reports are not used for an improper purpose, the Court will limit access to certain members of the PSC.  Without leave of Court or written agreement from the Defendants, only members of the Plaintiffs' Executive Committee (hereinafter the "PEC"), comprised of Larry P. Boyd, W. Mark Lanier, Jayne Conroy, and Richard J. Arsenault, and the attorneys and employees of their law firms, may have possession of the Monitor Reports. The PEC and any other party who is

subsequently provided access to the Monitor Reports by leave or agreement of the Defendants is prohibited from using the Monitor Reports outside the Pinnacle MDL proceeding or from disclosing the Monitor Reports or their contents to counsel in other litigation.  Larry P. Boyd, Co-Lead Counsel, is responsible for insuring plaintiffs' counsel fully comply with this Order.

These limitations are deemed necessary to enforce the confidentiality of the materials while outside the direct control of the Court.  The Court will consider modifying or eliminating these limitations on motion of any affected party.

**SO ORDERED.**

Signed May 15, 2013.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE