IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Docket No. 3:11-MD-2244-K |
| ------------------------------------------------- This Document Relates to all Cases ------------------------------------------------- | § § § § | |

## STIPULATION

The Plaintiffs' Executive Committee and Defendants DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy International, Limited; Johnson & Johnson; and Johnson & Johnson Services, Inc. (collectively "Defendants"), enter into this Stipulation regarding this multi-district litigation ("MDL") proceeding, 3:11-MD-2244-K, *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, pending in the United States District Court for the Northern District of Texas, Dallas Division, before the Hon. Ed Kinkeade.

I.    The plaintiffs in the cases pending in this MDL proceeding filed suit against a variety of defendants, including the Defendants.

II.   In Case Management Order No. 5 (Document 151, filed on 6/21/13), the Defendants agreed to accept requests for waiver of formal service of complaints, without conceding that they are proper parties to this litigation and without waiving any arguments as to jurisdiction.

-1-

III. As discovery has progressed, other parents, subsidiaries and affiliates of the Defendants (collectively "DePuy-related and Johnson & Johnson-related entities") have been identified. Plaintiffs believe that these additional companies may be potential defendants in the cases in this MDL proceeding. Defendants do not believe that these additional companies are proper defendants in this litigation, but recognize that it may be more efficient to address these issues at a later point in the litigation, consistent with the approach underlying CMO 5.

IV. According to the Master Case List filed on April 1, 2013, there are over 3,900 cases pending in this MDL proceeding.

V. The Plaintiffs' Executive Committee and Defendants hereby agree and stipulate as follows:

A. When a plaintiff's case is designated for individual case discovery as a bellwether trial case, the Plaintiffs' Executive Committee and Defendants will request that the order designating the case for individual case discovery also include the following pleading requirements:

1. Within 60 days after the order, the plaintiff shall be permitted to amend his or her complaint to allege claims and causes of action against any DePuy-related and Johnson & Johnson-related entities whom he or she contends are liable, in whole or in part, for the injuries and damages claimed.

2. Fed. R. Civ. P. 15 notwithstanding, any claims or causes of action alleged or asserted in such an amended complaint shall be deemed to "relate back" to the date of filing of that plaintiff's original complaint, whether originally filed in federal court or in state court and then removed to federal court, with respect to the claims and causes of action asserted against any DePuy-related or Johnson & Johnson-related entity, whether originally named as a defendant in the plaintiff's original complaint or pleading or not.

3. Plaintiff(s) shall serve the amended complaint on any defendant not served with the original complaint.

4. All parties named as a defendant (whether originally named or named for the first time in the amended complaint) shall file a response to the amended complaint that complies with Fed. R. Civ. P. 8 and 12, within 60 days of the date the complaint is filed, if the defendant was named in the original complaint, or 60 days of the date the complaint is served on the defendant, if the defendant is named for the first time in the amended complaint.

B. Defendants, on their own behalf as well as on behalf of any other DePuy-related or Johnson & Johnson-related entity, hereby agree and stipulate that they will not assert limitations or any limitations-type defense (such as laches) to any

claim or cause of action asserted against any DePuy-related or Johnson & Johnson-related entity in any amended complaint filed in accordance with paragraph 5.a., above, predicated on the timing of when such amended complaint was filed. Any assertion of limitations or any limitations-related defenses shall be based solely on the date of filing of the plaintiff's original complaint or original state court pleading.

C. By entering into this Stipulation, Defendants are not admitting that they or any DePuy-related or Johnson & Johnson-related entities are liable for the claims asserted by any plaintiff in this MDL proceeding, that they are proper parties to this litigation, or that they are subject to jurisdiction in the MDL proceeding. Rather, these Defendants and all DePuy-related and Johnson & Johnson-related entities specifically reserve the right to assert at an appropriate time any defensive matter, including any jurisdictional defense, based on the governing procedural and substantive law applicable to any plaintiff's claims (although any defense based on limitations or any limitations-type defense (such as laches) must comply with paragraph 5.b).

VI. With respect to cases not selected for individual case discovery as bellwether trial cases, the Plaintiffs' Executive Committee and Defendants, on their own behalf as well as on behalf of any other DePuy-related or Johnson & Johnson-related entity, hereby agree and stipulate that they will request at the appropriate time that the

Court enter a further order imposing pleading deadlines on the parties as described in paragraphs 5.a.i-iv, and those cases shall be subject to the terms of this stipulation as well.

    SO ORDERED.

    Signed July 16th, 2013.

                                          *Ed Kinkeade*
                                          ED KINKEADE
                                          UNITED STATES DISTRICT JUDGE

Dated: May 17, 2013

**AGREED AND STIPULATED:**
On behalf of the Plaintiffs' Executive Committee:

/s/ *Larry P. Boyd*
LARRY P. BOYD
FISHER, BOYD, BROWN & HUGUENARD, LLP
2777 Allen Parkway, Suite 1400
Houston, Texas 77019
(713) 400-4000
(713) 400-4050 Fax
E-mail: lboyd@fisherboyd.com

W. MARK LANIER
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, Texas 77069-3804
(713) 659-5200
(713) 659-2204 Fax
E-mail: wml@lanierlawfirm.com

*Plaintiffs' Co-Lead Counsel*

RICHARD J. ARSENAULT
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301
(800) 256-1050
(318) 561-2591 Fax
E-mail: rarsenault@nbalawfirm.com

JAYNE CONROY
HANLY CONROY, BIERSTEIN SHERIDAN,
                    FISHER &
HAYES LLP
112 Madison Avenue
NY, NY 10016
(212) 784-6402
(212) 213-5949 Fax

E-mail: jconroy@hanlyconroy.com

*Plaintiffs' Executive Committee on behalf of the Plaintiffs' Steering Committee*

|  |  |
|---|---|
| Dated: May 17, 2013 | **AGREED AND STIPULATED:** |

On behalf of Defendants DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy International, Limited; Johnson & Johnson; and Johnson & Johnson Services, Inc.:

/s/ *John H. Beisner*
JOHN H. BEISNER
STEPHEN J. HARBURG
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000
(202) 661-8301 Fax
E-mail: john.beisner@skadden.com
E-mail: stephen.harburg@skadden.com

*Counsel for Defendants DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy International, Limited; Johnson & Johnson; and Johnson & Johnson Services, Inc.*