IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, | § | |
| INC. PINNACLE HIP IMPLANT | § | MDL Docket No. |
| PRODUCTS LIABILITY | § | |
| LITIGATION | § | 3:11-MD-2244-K |
| | § | |
| ------------------------------------------------------ | § | |
| This Order Relates To All Cases | § | |
| ------------------------------------------------------ | § | |

**ORDER GRANTING IN PART PLAINTIFFS' STEERING COMMITTEE'S
MOTION FOR LEAVE TO DEPOSE DEBORAH WONG YANG AND
TO COMPEL FURTHER PRODUCTION OF DOCUMENTS**

Before the Court is Plaintiffs' Steering Committee's (the "PSC") Motion for Leave to Depose Deborah Wong Yang and to Compel Further Production of Documents. For the reasons set forth herein, the motion is **GRANTED in part and DENIED in part** without prejudice to being re-urged.

On May 15, 2013, this Court entered an order [Dkt. 299] partially granting the PSC's motion to compel production of documents related to the Deferred Prosecution Agreement (the "DPA") [Dkt. 238] entered into between the U.S. Department of Justice and DePuy. The order provided the Plaintiff's Executive Committee (the "PEC") access to six quarterly reports prepared by an agreed-upon corporate monitor, Debra Wong Yang. The order further provided limitations on use of and access to the monitor reports.

The PSC has now reviewed the six monitor reports and taken the deposition of

1

numerous DePuy witnesses. The PSC contends that the DPA, monitor reports, and testimony from DePuy witnesses raise questions concerning the scope of and process used by the corporate monitor in completing the monitor reports. The PSC filed a motion to depose Ms. Yang and compel further document production from her and DePuy. Following the April 10, 2014, status conference, the Special Master conferred with the parties to reach agreement regarding further document production by DePuy under the same use and access limitations in the May 15, 2013 order. The agreed-upon supplemental document production is complete.

The Court is further advised by the Special Master that Ms. Yang has agreed to sit for a three-hour deposition on July 24, 2014, at her office in Los Angeles without the necessity of a subpoena to answer questions on the following topics:

1. The process used by the monitor to draft and finalize the monitor reports;

2. The number of people assigned to or involved in the process at Gibson Dunn;

3. The general nature of the documents sought from DePuy and whether such documents existed;

4. Whether the requested documents were made available and/or segregated for the monitor's review;

5. The monitor's interview process, including whether notes from such interviews were taken and where such notes are retained;

6. Whether the monitor reports are government records admissible as an exception to the hearsay rule; and

7. The process for DePuy's comments to the monitor reports and subsequent redactions.

The PSC's Motion for Leave to Depose Deborah Wong Yang and to Compel Further Production of Documents is, therefore, GRANTED in part. The parties are ORDERED to conduct the deposition of Ms. Yang pursuant to their agreement. The remainder of the PSC's motion is DENIED without prejudice to be re-urged following Ms. Yang's deposition.

**SO ORDERED.**

Signed July 18, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE