IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, | § | |
| INC. PINNACLE HIP IMPLANT | § | MDL Docket No. |
| PRODUCTS LIABILITY | § | |
| LITIGATION | § | 3:11-MD-2244-K |
| | § | |
| ------------------------------------------------------ | § | |
| This Document Relates to all Cases | § | |
| ------------------------------------------------------ | § | |

**Memorandum Opinion and Order Denying Defendants' Motion for Protective Order Barring Additional Depositions of Non-Case-Specific Witnesses**

Before the Court is Defendants' Motion for Protective Order Barring Additional Depositions of Non-Case-Specific Witnesses [Dkt. 484]. As set forth fully herein, the motion is **DENIED**.

**Factual & Procedural Background**

The first bellwether case in this MDL having been tried to a jury verdict in favor of Defendants, the Plaintiffs' Executive Counsel (PEC) on January 7, 2015, requested the depositions of ten current and former employees of Defendants, seven of whom have already been deposed and three of whom Plaintiffs previously decided not to depose. Specifically, Plaintiffs seek to depose Dr. William Barrett, Dr. William Griffin, Dr. Kirk Kindsfater, Dr. Ray Wasielewski, Dr. Thomas Fehring, Graham Isaac, Paul Voorhorst, Carleton Southworth, Randy Kilburn, and Tony Cutshall.

On January 30, 2015, Defendants filed a Motion for Protective Order Barring Additional Depositions of Non-Case-Specific Witnesses [Dkt. 484]. Defendants argue

that the parties have already spent over eighteen months and a great amount of time and money in attorney's fees and expenses deposing 50 non-case-specific party and non-party witnesses before the first bellwether trial and that allowing such depositions to go forward would fly in the face of the primary goal of multidistrict litigation (MDL) to streamline the discovery process. Defendants, therefore, contend that they have met the standard for showing good cause for the issuance of a protective order prohibiting the ten depositions under Rule 26(c) of the Federal Rules of Civil Procedure to protect them from cumulative or duplicative discovery and undue burden or expense.

On February 3, 2015, Plaintiffs filed their Opposition to Defendants' Motion for Protective Order [Dkt. 486] arguing that good cause exists under Rule 30(2) of the Federal Rules of Civil Procedure to depose each of the seven witnesses again because two witnesses were expected to appear live at trial but did not, two witnesses were designated as non-retained experts after they were deposed, and for three witnesses, Plaintiffs did not have an opportunity to elicit testimony on important topics because the information necessary to do so was not available at the time of the depositions. Additionally, Plaintiffs argue that discovery is not closed in this case, and therefore, there is no reason for a protective order prohibiting the depositions of the three witnesses that they have not previously deposed. Defendants filed their reply on February 6, 2015 [Dkt. 489].

For the reasons set forth herein, the Motion is DENIED.

## Summary

**I.     This Court has broad discretion in the discovery process.**

Rule 26 of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense . . . ." Fed. R. Civ. P. 26(c). Rule 30 of the Federal Rules of Civil Procedure allows a party to depose any person without leave of court except as provided in Rule 30(a)(2). Fed. R. Civ. P. 30(a)(1). A party must obtain leave of court, and the court must grant leave, to depose a person who has already been deposed to the extent consistent with Rule 26(b)(2) (court must limit discovery if it determines that the discovery is unreasonably cumulative or duplicative and can be obtained from some other source, the party seeking discovery has had ample opportunity to obtain it, or the burden or expense of the discovery outweighs its benefit). Fed. R. Civ. P. 30(a)(2).

This Court has broad discretion over the discovery process. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); *Duke v. University of Texas,* 729 F.2d 994, 997 (5th Cir. 1984). This discretion, however, is not completely unfettered. A district court can abuse its discretion if it denies discovery of facts necessary to a fair presentation of the case. *Duke,* 729 F.2d at 997. Discovery rulings are reviewed under an abuse of discretion standard. *Coughlin*, 946 F.2d at 1159.

**II.  Defendants have not shown good cause for the exercise of this Court's discretion in prohibiting the depositions of the three witnesses who were never previously deposed.**

Three of the persons whom Plaintiffs seek to depose, Mr. Kilburn, Dr. Kindsfater, and Mr. Southworth, have not been previously deposed. Rule 30 allows a party depose any person without leave of court unless that person has previously been deposed. Defendants' only argument for protective order for the depositions of the three witnesses not previously deposed is that Plaintiffs knew about these witnesses and had the opportunity to take the depositions before the first bellwether trial but refused to do so.

The Defendants have cited no authority prohibiting a party from taking additional depositions after the trial of the first bellwether case in an MDL. There is no scheduling order or discovery cut-off in this MDL prohibiting Plaintiffs from deposing Mr. Kilburn, Dr. Kindsfater, and Mr. Southworth. Defendants cannot claim surprise by these depositions as there were discussions prior to the first bellwether trial about these deponents. With each bellwether trial, the parties learn more about each other's cases, especially the significance or insignificance of certain evidence and testimony. Additional discovery allows each side to ensure that non-case-specific discovery is complete before the cases are remanded for individual trials where they were originally filed. Under these facts, the Defendants have failed to show good cause for the exercise of this Court's discretion in prohibiting the depositions of Mr. Kilburn, Dr. Kindsfater, and Mr. Southworth.

**III. Defendants have not shown good cause for the exercise of this Court's discretion in prohibiting the depositions of the seven witnesses who were previously deposed.**

Seven of the witnesses Plaintiffs seek to depose have previously been deposed. Defendants contend that good cause exists to prohibit the depositions of Dr. William Barrett, Dr. William Griffin, Dr. Ray Wasielewski, Dr. Thomas Fehring, Paul Voorhorst, Graham Isaac, and Tony Cutshall because such depositions would be cumulative, duplicative, and unduly burdensome and expensive, and thus contrary to the goal of MDL to streamline discovery. Plaintiffs argue that leave of court must be granted under Rule 30 to allow these depositions to be taken because:

**Drs. Barrett and Griffin:** Defendants represented that these witnesses were expected to testify live at the first bellwether trial. Instead, Defendants called them as witnesses at trial via videotape deposition. Plaintiffs objected, and this Court ordered Defendants to make the two witnesses available for additional depositions during trial if they could not bring the witnesses live. In exchange for Plaintiffs' agreement not to depose these witnesses, Defendants agreed not to offer their testimony at trial. Plaintiffs argue they should be permitted to take these depositions to avoid the possibility that Defendants will not bring these witnesses live to the next trial.

**Mr. Voorhorst:** Plaintiffs questioned Mr. Voorhorst in his deposition about a study conducted by Defendants on hip replacement survivor rates. After Mr. Voorhoorst's deposition, Defendants updated the study and used the updated data at the first bellwether trial. Plaintiffs argue they should be entitled to depose Mr.

Voorhorst on the updated data.

**Drs. Wasielewski and Fehring:** Defendants designated Drs. Wasielewski and Fehring as non-retained experts after their depositions. Plaintiffs deposed these witnesses as fact witnesses and now argue they should be allowed to depose them before the next bellwether trial to explore their opinion testimony.

**Mr. Isaac:** In his deposition, Plaintiffs did not explore the issue of cup-replacement; however, in the first bellwether trial it became apparent that Mr. Isaac had a much more central role on the issue of cup-replacement than originally believed by Plaintiffs. Plaintiffs argue that they are entitled to depose Mr. Isaac on this issue.

**Mr. Cutshall:** Mr. Cutshall was Defendants' primary liaison to Debra Wong Yang, the corporate monitor appointed pursuant to the government's Deferred Prosecution Agreement. Plaintiffs took Mr. Cutshall's deposition before Ms. Yang was deposed and argue they have the right to depose Mr. Cutshall again in light of Ms. Yang's testimony.

Defendants have not shown good cause for the exercise of this Court's discretion in prohibiting the depositions of the seven witnesses who were previously deposed. Plaintiffs, however, have shown that this Court, pursuant to Rule 30, should grant leave to allow these depositions to go forward because such depositions are not cumulative, duplicative, or unduly burdensome or expensive. Instead, Plaintiffs seek to obtain testimony from these witnesses based on information not available to them at the time of the original deposition or that they discovered at the first bellwether trial.

IV.     Conclusion.

For the reasons set forth herein, the Motion is **DENIED**. Plaintiffs are **GRANTED** leave to take the depositions of Dr. William Barrett, Dr. William Griffin, Dr. Kirk Kindsfater, Dr. Ray Wasielewski, Dr. Thomas Fehring, Graham Isaac, Paul Voorhorst, Carleton Southworth, Randy Kilburn, and Tony Cutshall, and Plaintiffs are instructed to conduct the depositions in accordance with the terms of this ORDER.

**SO ORDERED.**

Signed March 12th, 2015.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE