UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCT LIABILITY LITIGATION This Document Relates To: ALL CASES | MDL Docket No. 3:11-MD-2244-K Honorable Ed Kinkeade |

## SETTLING PLAINTIFFS' RESPONSE AND OBJECTION TO THE AMENDED PRELIMINARY HOLDBACK ORDER

In compliance with the Court's Amended Preliminary Holdback Order (ECF Doc. 924), the undersigned law firms present this Response and Objection on behalf of plaintiffs who have entered into confidential settlement agreements with Defendants ("Settling Plaintiffs"). The Settling Plaintiffs reserve the right, with the Court's guidance and permission, to submit additional briefing and evidence at a later time. The Settling Plaintiffs recognize that the work of the Plaintiffs Executive Committee, for the common benefit of all Plaintiffs, should be rewarded; however, the proposed common benefit holdback is not in line with historical precedents for the type of work performed in similar MDLs, including in *In Re: Depuy Orthopaedics, Inc., Pinnacle Hip Implant Product Liability Litigation*. As such, for the reasons stated herein, Settling Plaintiffs' respectfully submit this response and objection to the Court's upward adjustment of the common benefit holdback percentage.[1]

---

[1] There has been extensive motion practice and briefing in this litigation regarding the issue of common benefit holdback. *See* Preliminary Holdback Order (ECF Doc. No. 889), Plaintiff's Executive Committee's ("PEC") Motion to Modify the Preliminary Holdback Order and for an Assessment on Settling Cases along with Supporting Brief (ECF Doc. No. 913), Defendant's Response to the PEC's Motion to Modify the Preliminary Holdback Order and for an Assessment on Settling Cases (ECF Doc. No. 915), and PEC's Reply to Defendant's Response to the PEC's Motion to Modify the Preliminary Holdback Order and for an Assessment on Settling Cases (Doc. 918). The factual and

1

I.  **Argument in Support of Settling Plaintiffs' Response and Objection to the Amended Preliminary Holdback Order**

The PEC's request to dramatically increase the holdback percentage attempts to jeopardize the private agreements reached by the Settling Plaintiffs.

In light of counsel's duty to assist the Court in the arduous case administration of an MDL, the Settling Plaintiffs bring this response and opposition to the Court's Amended Holdback Order and respectfully argue that a twenty-five percent holdback is an unreasonable departure from MDL holdback precedent, in similar cases, and the increase in the holdback percentage is unfair and prejudicial to the Settling Plaintiffs.

  A.  **The Twenty-Five Percent Holdback is an Unreasonable Departure from MDL Holdback Precedent.**

First and foremost, a common benefit hold back of twenty-five percent is unprecedented and incomparable to other MDL holdback valuations. *See In re Actos (Pioglitazone) Prods. Liab. Litig.*, 274 F.Supp.3d 485 (W.D. La. 2017) (8.6% common benefit fee award was reasonable, where a full global resolution was reached in less than 4 years); *In re Visa Check/ Mastermoney Antitrust Litig.,* 297 F. Supp. 2d 503 (E.D.N.Y. 2003) (awarding 6.5% of common benefit fund); *In re Avandia Marketing Sales Practices and Prods Liab. Litig,* 2006 WL 6923367 (E.D. Pa. 2012) (6.25% award on "super-mega-fund" settlement reached in three years); *In re WorldCom, Inc. Sec. Litig.,* 388 F. Supp. 2d 319 (S.D.N.Y. 2005) (allowing 5.5% award); *In re AOL Time Warner, Inc. Sec. & ERISA Litig.,* MDL 1500, 2006 WL 3057232 (S.D.N.Y. Oct. 25, 2006) (5.9% award on $2.65 billion fund); *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907 (N.D. Ohio 2003) (4.8% award on

---

procedural background has been addressed in the aforementioned motions, and thus, the Settling Plaintiffs need not recite it here.

$1.045 billion fund); *In re Gadolinium Based Contrast Agents Prods. Liab. Litig.*, 2009 WL 10703918 (N.D. Oh. Feb. 20, 2009) (establishing holdback of 6%); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 553 F.Supp.2d 442 (E.D. Pa. 2008) (noting "range of awards" in multi-billion dollar cases was 4.8% to 15%); *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 14:9 (4th ed. 2002) ("Most [MDL] courts have assessed common benefit fees at about a 4–6% level, generally 4% for a fee and 2% for costs."); Paul D. Rheingold, *Litigating Mass Tort Cases* § 7:35 (2010) ("[P]ercentages awarded for common funds in recent MDLS ... were in the 4–6% range.") (citation omitted).

Beyond the fact that typical percentages in MDLs remain in the 4-6% range, the amended preliminary holdback of twenty-five percent significantly exceeds the Common Benefit in all other major hip litigations; in fact, even the preliminary holdback of 10% in August 2018 exceeded the Common Benefit holdbacks in other major hip litigations. Examples from other major hip litigations are outlined below:

| MDL # | Court | Product | Common Benefit % | Common Benefit Fees and Costs |
|---|---|---|---|---|
| MDL 2197 | Northern District of Ohio | DePuy ASR | 6 % | 5% attorney fees 1% costs |
| MDL 2329 | Northern District of Georgia | Wright Conserve | 7 % | 3.5% attorney fees 3.5% costs |
| MDL 2158 | US District of New Jersey | Zimmer Durom | 4 % | 2% attorney fees 2% costs |
| MDL 2391 | Northern District of Indiana | Biomet M2A | 6 % | 5% attorney fees 1% costs |
| MDL 2441 | US District of Minnesota | Stryker Rejuvenate/ABGII | 4 % | 3% attorney fees 1% costs |
| MDL-2775 | US District of Maryland | BHR Resurfacing | 7% | 5% attorney fees 2% costs |

Accordingly, this Court's amended preliminary holdback of twenty-five percent is contrary to well-established law. A preliminary holdback of 25% is not reasonable on its face when the common benefit percentages of all other major hip litigations have ranged from 4-7%.

Moreover, the more accepted practice in MDL favors reducing, as opposed to increasing, preliminary holdback percentages for common fund contributions. *See In re Genetically Modified Rice Litig.*, 2010 WL 716190 (E.D. Mo. Feb. 24, 2010) (reducing hold back percentage by one percent); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 553 F.Supp.2d 442 (E.D. Pa. 2008) (awarding less than the total fund created by assessment by reducing federal assessments by 3% and state assessments by 2%). Original "conservative" holdback percentages, are more likely to be reduced, not increased.

**B.     The Twenty-Five Percent Holdback Is Unfair to the Settling Plaintiffs.**

One of the overriding justifications behind the common benefit doctrine is the principle of equity. *In re Vioxx Prods. Liab. Litig.*, 760 F.Supp.2 640, 647 (E.D. La. 2010). Accordingly, MDL courts should evaluate the fairness to *both* counsel *and* plaintiffs in determining the appropriate assessment for common benefit costs. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2008 WL 682174, at *19 (D. Minn. Mar. 7, 2008) (emphasis added). The primary purpose of MDL consolidation is to promote efficiency and reduce costs amongst counsel, and thus, it necessarily follows that plaintiffs should also reap the same benefit of lower fees and efficiency. *See In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 2016 WL 10719395, at *2 (N.D. Tex. Jan 8, 2016) (citations omitted). Further, the Fifth Circuit has emphasized that the MDL court has the

responsibility to undertake exacting review to ensure that the award of fees and costs are reasonable and consistent with the governing law. *In re High Sulfer Content Gasoline Products Liability Litigation*, 517 F. 3d 228 (5th Cir. 2008).

As discussed *supra*, the Court's Amended Holdback Order increases the common benefit holdback by fifteen percent. Yet, the only change that has occurred in this litigation between the time of the Court's Preliminary Holdback Order and the Amended Preliminary Holdback Order is the Court's receipt of notice that Defendants and select plaintiffs' attorneys had engaged in confidential inventory settlements. Notably, since the issuance of the Preliminary Holdback Order, no case within this MDL has proceeded to trial, been argued on appeal, or decided on appeal. Thus, there has been no substantial change in costs since August of 2018. Nevertheless, the Amended Holdback Order seeks to more than double the amount of plaintiffs' costs to be held back. This increase is unfair to the Settling Plaintiffs, especially when there has been no significant change in the litigation over the past four months. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 233 (1st Cir. 1997) ("Thus, as the ultimate payors[,] the individual plaintiffs…have enough at stake to warrant reasonable efforts at ensuring that adequate documentation and cost-monitoring procedures also make cost-benefit sense."). In essence, the Amended Holdback Order conveys to all plaintiffs, in both current and future litigations, that settling, in and of itself, brings with it the possibility of negatively affecting the plaintiff's portion of recovery. Such precedent seeks to deter settlement and undermines the equitable intent of the common benefit doctrine.

**II.     Conclusion**

For the reasons set forth herein, Plaintiffs respectfully respond and object to the Court's upward adjustment of the common benefit holdback percentage.

Further, the Settling Plaintiffs' adopt and incorporate arguments made by the DePuy and Johnson & Johnson Defendants, as well as other objectors in opposition to the Amended Holdback.

Dated: December 17, 2018                                Respectfully submitted,

                                                             AYLSTOCK, WITKIN, KREIS &
                                                             OVERHOLTZ, PLLC
                                                             Attorneys for Plaintiff s

                                                             */s/ Douglass A. Kreis*
                                                             Douglass A. Kreis (FL Bar No.: 0129704)
                                                             Jennifer Hoekstra (LA Bar No.: 31476)
                                                             Aylstock, Witkin, Kreis & Overholtz, PLLC
                                                             17 East Main Street, Ste. 200
                                                             Pensacola, Florida 32501
                                                             Telephone: (850) 202-1010
                                                             Facsimile: (850) 916-7449
                                                             dkreis@awkolaw.com
                                                             JHoekstra@awkolaw.com

Counsel for the Settling Plaintiffs have respectively indicated their consent by their e-signatures below:

| */s/ PAUL R. KIESEL* | */s/Rachel Abrams* |
|---|---|
| Paul R. Kiesel | Rachel Abrams |
| CA Bar No.: 119854 | SBN 209316 |
| Kiesel Law LLP | LEVIN SIMES ABRAMS LLP |
| 8648 Wilshire Boulevard | 1700 Montgomery Street, Suite 205 |
| Beverly Hills, CA 90211-2910 | San Francisco, California, 94111 |
| Telephone: (310) 854-4444 | Telephone: (415) 426-3000 |
| Fax: (310) 854-0812 | Facsimile: (415) 426-3001 |
| kiesel@kiesel.law | Email: rabrams@levinsimes.com |

*/S/ JOSEPH A. OSBORNE*
Joseph A. Osborne
FL Bar No. 880043
OSBORNE & FRANCIS
433 Plaza Real, Suite 271
Boca Raton, FL 33432
(561) 293-2600
Fax: (561) 923-8100
Email: josborne@realtoughlawyers.com

*/s/ Navan Ward*
Navan Ward
Beasley Allen Law Firm
218 Commerce Street
Montgomery, AL 36104
(800) 898-2034
(334) 954-7555 Fax
E-mail: navan_ward@beasleyallen.com

*/s/ Bradley D. Honnold*
Bradley D. Honnold  KS # 22972
Goza & Honnold, LLC
9500 Nall Ave., Ste. 400
Overland Park, KS 66207
tel. 913-451-3433
fax 913-839-0567
bhonnold@gohonlaw.com

*/s/E. Scott Verhine*
E. Scott Verhine
MSB # 10548
VERHINE & VERHINE, PLLC
1013 Adams Street
Vicksburg MS  39183
Telephone:  601-636-0791
Facsimile: 601-636-2718
scott@verhine.biz

*/s/ Richard W. Schulte*
Richard W. Schulte
Ohio Bar # 0066031
Wright & Schulte, LLC
865 S. Dixie Dr.
Vandalia, OH 45377
P: (937) 435-7500
F: (937) 435-7511
Email: rschulte@yourlegalhelp.com

*/s/ Doug Dellacio*
Doug Dellaccio
AL Bar No. 4578 L75D
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
Toll Free: (800) 852-6299
E-Mail: ddellaccio@CoryWatson.com

*/s/ James R. Dugan, II*
James R. Dugan, II
LA Bar No. 24785
The Dugan Law Firm, APLC
365 Canal St., Ste 1000
New Orleans, LA 70130
Telephone: 504-648-0180
Facsimile: 504-648-0181
jdugan@dugan-lawfirm.com

By: */s/ Seth S. Webb*
SETH S. WEBB
MO #51236
BROWN & CROUPPEN
211 N. Broadway, Suite 1600
St. Louis, MO 63102
(314) 421-0216
(314) 421-0359 (facsimile)
sethw@getbc.com

*/s/ Zachary Lowe*
Zachary Peter Lowe (UT-13792)
LOWE LAW GROUP
6028 S. Ridgeline Dr., #200
Ogden, UT 84405
T: 801-917-8500
F: 801-917-8484
pete@lowelawgroup.com


*/s/ Thomas J. Brandi*
Thomas J. Brandi
CA Bar #53208
The Brandi Law Firm
354 Pine Street-3rd Floor
San Francisco, CA 94104
Telephone (415) 989-1800
Facsimile (415) 989-1801
tjb@brandilaw.com


*/s/ Larry D. Helvey*
LARRY HELVEY LAW FIRM
Larry D. Helvey
AT0003424
2735 First Avenue SE, Suite 101
Cedar Rapids, IA 52402
Telephone: 319-362-0421
Facsimile: 319-362-3496
E-mail: lhelvey@helveylaw.com


*/s/ Nicholas S. Clevenger*
Nicholas S. Clevenger MO# 57171
David M. Peterson MO #32229
PETERSON & ASSOCIATES, P.C.
801 W. 47th Street, Suite 107
Kansas City, MO 64112
Tele:    816-888-8888
Fax:    816-531-0660
Email:  nsc@petersonlawfirm.com
          dmp@petersonlawfirm.com

*/s/ Bill B. Berke*
Bill B. Berke
FL Bar No. 558011
BERKE LAW FIRM, P.A.
4423 Del Prado Blvd. S.
Cape Coral, Florida 33904
Telephone: (239) 549-6689
Facsimile: (239) 549-3331
berkelaw@yahoo.com


Wilson Law, P.A.
*/s/ Kimberly Wilson White*
Kimberly Wilson White
fna/Kimberly R. Wilson
State Bar Nos.:  NC 30044  WV 6980
Attorney for Settling Plaintiffs
1111 Haynes Street, Suite 103
Raleigh, North Carolina 27604
Tel.:  919-890-0180
Fax:  919-882-1758
Email:  kim@wilsonlawpa.com


*/s/ Kevin M. Hart*
KEVIN M. HART
NJ Bar No. 017701978
STEFANIE COLELLA-WALSH
NJ Bar No. 012602007
STARK & STARK
993 Lenox Drive
Lawrenceville, NJ 08648
Telephone: (609) 896-9060
Facsimile: (609) 896-0629
khart@stark-stark.com
scolellawalsh@stark-stark.com


*/s/ Barry D. Levy*
Barry D. Levy
OH Reg #0018986
O'Connor, Acciani & Levy LPA
600 Vine Street, Suite 1600
Cincinnati, OH 45202
Telephone: 513-241-7111
Facsimile: 513-241-7197
Email: BDL@OAL-LAW.COM

8

*/s/ W. James Singleton*
W. James Singleton
LA Bar#17801
The Singleton Law Firm
4050 Linwood Ave.
Shreveport, LA 71108
Phone: (318)631-5200
Facsimile: (877)861-4917
wjsingleton@singletonlaw.com

*/s/ Calle Mendenhall*
CALLE MENDENHALL
FARRIS, RILEY & PITT, L.L.P.
1700 Financial Center
505 20th Street North
Birmingham, AL 35203
T: (205) 324-1212
F: (205) 324-1255
calle@frplegal.com

*/s/ Shezad Malik*
Shezad Malik
TX Bar Number 24053337
Dr. Shezad Malik Law Firm
175Miron Drive
Southlake, TX 76092
Telephone: 214-390-3189
Facsimile: 888-210-9693
Email: malik2law@yahoo.com,
drmalik@shezadmalik.com

*/s/ Mark A. Milstein*
Mark A. Milstein
CA 155513
Milstein, Jackson, Fairchild & Wade, LLP
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Tel: (310) 396-9600
Fax: (310) 396-9635
mmilstein@mjfwlaw.com

*/s/ Douglas R. Plymale, J.D., Ph.D*
Douglas R. Plymale, J.D., Ph.D.
LA Bar #28409
Plymale Law Firm
201 St. Charles Ave, Suite 2500
New Orleans, Louisiana 70170
Phone: (504) 355-0092
Fax: (504) 662-3801
e-mail: DrPlymale@plymalelawfirm.com

*/s/ Patrick Mulligan*
Patrick Mulligan
TX Bar No. 14651270
Mulligan Law Firm
3710 Rawlins Street, Suite 901
Dallas, Texas 75219
Telephone: (214) 219-9779 ext. 1001
Facsimile: (214) 520-8789
pmulligan@mulliganlaw.com

*/s/ Bobby Saadian*
Bobby Saadian, Esq.
CA Bar No. 250377
TX Bar No. 24100275
Wilshire Law Firm, PLC
3055 Wilshire Blvd. 12th Floor,
Los Angeles, CA 90010
Phone: (213)381-9988
Fax: (213)381-9989
Email: masstorts@wilshirelawfirm.com

*/s/ William B. Curtis*
William B. Curtis,
Texas SBN: 00783918
CURTIS LAW GROUP
12225 Greenville Ave., Suite 750
Dallas, TX 75243
T: (214) 890-1000
F: (214) 890-1010
Email: bcurtis@curtis-lawgroup.com

| | |
|---|---|
| */s/ Brian S. Kabateck* | */s/ Trevor B. Rockstad* |
| Brian S. Kabateck | Trevor B. Rockstad |
| CA 152054 | MSB # 103614 |
| Kabateck Brown Kellner, LLP | Davis & Crump, P.C. |
| 644 S. Figueroa St. | 2601 14th Street |
| Los Angeles, CA 90017 | Gulfport, MS 39501 |
| Tel: (213) 217-5000 | Telephone: 228-863-6000 |
| Fax: (213) 217-5010 | Facsimile: 228-864-0907 |
| bsk@kbklawyers.com | trevor.rockstad@daviscrump.com |

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2018, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
Attorneys for Plaintiff s

*/s/ Douglass A. Kreis*
Douglass A. Kreis (FL Bar No.: 0129704)
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Ste. 200
Pensacola, Florida 32501
Telephone: (850) 202-1010
Facsimile: (850) 916-7449
dkreis@awkolaw.com