UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION                               MDL No. 2244


ORDER DENYING REMAND


    **Before the Panel**: Plaintiff in the action (*Mugnolo*) listed on the attached Schedule A moves under Panel Rule 10.3 for Section 1407 remand of the action to the Northern District of California. Responding defendant DePuy Orthopaedics, Inc., opposes the motion.

    After considering the argument of counsel, we deny the motion to remand. We ordered centralization in this docket in May 2011. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358 (J.P.M.L. 2011). The MDL actions are largely personal injury actions sharing factual questions concerning alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants. In seeking remand, plaintiff mostly rehashes the arguments he made in his motion to vacate our order conditionally transferring his action to the MDL, which we denied over plaintiff's objections in October 2015. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 139928 (J.P.M.L. Oct. 13, 2015). In his motion to vacate, plaintiff argued that the MDL did not involve non-metal-on-metal devices and that the manner of his injury (hip dislocation due to locking ring failure) was unique. *Id.* at *3. In transferring *Mugnolo*, we noted that, as stated in the initial transfer order, the MDL was not limited to metal-on-metal configurations of Pinnacle hip implants and that "[e]ven if the mechanism of failure of plaintiff's Pinnacle hip implant is somewhat different, transfer is appropriate to prevent any overlap in discovery in the MDL...." *Id.*

    In addition to the arguments made in his motion to vacate, plaintiff asserts that personal circumstances regarding his finances and health require quick resolution of his claims, yet his case has not significantly progressed since transfer. But, plaintiff filed this Section 1407 motion without first seeking a suggestion of remand from the transferee judge. Panel Rule 10.3(a) counsels that we are "reluctant to order a remand absent the suggestion of the transferee judge." Indeed, a party moving for Section 1407 remand without such a suggestion "bears a strong burden of persuasion." *In re: Air Crash Disaster in Ionian Sea on Sept. 8, 1974*, 438 F. Supp. 932, 934 (J.P.M.L. 1977). Plaintiff has not met that burden here. Judge Kinkeade, in his capacity as transferee judge, has become familiar with the issues in this litigation by presiding over extensive pretrial proceedings. He is in the best position to determine the future course of actions in the MDL. Remand of this or any other MDL cases without the transferee judge's suggestion would be premature.

IT IS THEREFORE ORDERED that the motion for Section 1407 remand of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION**                    MDL No. 2244

## SCHEDULE A

<u>Northern District of Texas</u>

MUGNOLO v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 3:15-3347
(N.D. California, C.A. No. 4:15-2314)