IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § § | MDL Docket No. 3:11-MD-2244-K |
| This Document Relates to: | § | |

| | | |
|---|---|---|
| *Wayland Bryant vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-02931 |
| *John Fladness vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03249 |
| *Raymond Flores vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-05170 |
| *James E. Flowers vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03252 |
| *Carlton D. Jacobs vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03299 |
| *Robert J. Kelly, Sr., vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03317 |
| *Alexander E. Kolak vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03321 |
| *Bernard McCarthy vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:14-cv-02119 |
| *Ronald L. Mehl vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:14-cv-00651 |
| *Albert A. Murray vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03390 |
| *Jerry W. Newby vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03401 |
| *Thomas Perry vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:13-cv-01610 |
| *Osborn Preston vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03416 |
| *Julia Ray vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-03420 |
| *Bandy Smiley, Individually and on Behalf of Lillie Smiley, Deceased vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:14-cv-04158 |
| *Robert Smith vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:13-cv-01411 |
| *Douglas Talley vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-02926 |
| *Jo S. Washington vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-02922 |
| *Robyn J. Welch vs. DePuy Orthopaedics, Inc., et al.* | Case No. | 3:12-cv-02916 |

## MOTION TO WITHDRAW AS COUNSEL FOR SPECIFIC PLAINTIFFS

Attorney Adam T. Funk asks this Court to allow him to withdraw as attorney in charge of specific Plaintiffs in this litigation.

## A. INTRODUCTION

1.      Attorney Adam T. Funk via The Branch Law Firm (2011-2017) and then The Potts Law Firm (2017-Present) represented 82 Plaintiffs whose cases were filed in this litigation.

2.      Twenty-five (25) of Attorney Funk's Plaintiffs have been submitted into the Settlement Program. Thirty-eight (38) Plaintiffs have agreed to dismiss their claims without prejudice.

3.      This leaves 19 Plaintiffs who are still being represented by Attorney Funk for their product liability claims.

4.      These 19 remaining Plaintiffs do not have a lawsuit that Attorney Funk can continue to litigate. Prior to filing this motion, Attorney Funk diligently contacted each of the 19 remaining Plaintiffs. Counsel explained why Attorney Funk could not, in good faith, continue to litigate the client's case. Counsel did so via letters sent on February 21, 2018, March 7, 2019, May 1, 2019, and November 13, 2019. The letters explained the need for the Plaintiff to either agree to dismiss their case without prejudice or find new counsel.[1] The last letter explained that should the client not respond by November 29, 2019, Attorney Funk would be moving the Court for an Order granting his withdrawal as counsel. The last letter also provided the Plaintiff with CMO No. 12 and detailed what this Court was requiring of each Plaintiff beginning in February 2020.

5.      In addition to the letters, counsel called each of the 19 Plaintiffs and discussed their legal options.

---

[1] These letters constitute attorney-client communications that are privileged. This privilege belongs to each of the 19 Plaintiffs and, as such, Attorney Funk cannot disclose the details of the communications. Should the Court wish to review each letter *in camera*, counsel can provide them via separate cover.

2

6. Despite the multiple letters and phone calls, these 19 Plaintiffs either (a) refused to agree to dismiss their case or (b) failed to respond to counsel's communication attempts.

7. Those remaining 19 Plaintiffs' identities as well as their last known addresses and phone numbers are attached as Exhibit A to this Motion. Only these 19 Plaintiffs are the subject of this Motion to Withdraw.

## B. ARGUMENT

### I. Standard

8. Local Rule 83.12 of the Eastern District of Texas states that an attorney who wishes to withdraw as counsel in any case must file a motion to withdraw. The motion must specify the reasons requiring withdrawal. In addition, the motion must state specifically why, after due diligence, the attorney was unable to obtain the client's signature agreeing to withdrawal of representation.

9. In addition, the Court's Order entered on December 17, 2019, Doc. 1067, held that counsel who file a motion to withdraw must also certify that a copy of said motion and the Court's Order were supplied to the relevant Plaintiffs.

### II. Attorney Adam Funk Seeks Withdrawal of Representation

10. Attorney Funk requires withdrawal because the aforementioned 19 Plaintiffs have not agreed to dismiss their case without prejudice. Attorney Funk cannot, with good faith, continue to litigate these cases because they do not meet Counsel's case criteria to be considered a qualifying case. Counsel cannot further detail why he cannot continue litigating these cases without waiving attorney-client communication privileges. However, Attorney Funk is willing to further detail the reasoning to the Court in an *in-camera* setting.

11. As described above, Attorney Funk has acted with due diligence prior to seeking the Court's order granting his withdrawal as counsel. Adam Funk also certifies, by way of this motion, that he has provided all 19 Plaintiffs with a copy of this motion and the Court's Order entered on December 17, 2019. Counsel sent the two documents via certified mail as well as regular mail to ensure delivery.

### III.     Plaintiffs are not Prejudiced

12. Counsel has provided Plaintiffs with ample time and opportunity to obtain new counsel. Counsel did so by providing each Plaintiff with notice that counsel withdrawal was imminent many months ago. Plaintiffs will not suffer prejudice since the deadlines contained in CMO No. 12 will not begin running until February 2020. In addition, Counsel intends to provide each Plaintiff with a copy of this Court's Order granting Counsel's withdrawal along with another copy of CMO No. 12 so that each Plaintiff is fully aware of his/her obligations with this Court. Counsel also intends to provide Plaintiffs with the entirety of their case file.

### IV.     Local Rule 83.12 has been Satisfied

13. None of the 19 remaining Plaintiffs have provided counsel with the identity of a substituting counsel. Pursuant to Local Rule 83.12, if no succeeding attorney is available, then the client's information is to be provided to the Court. Exhibit A to this motion contains this information.

### C. CONCLUSION

14. Plaintiffs' Counsel has informed his remaining 19 Plaintiffs that their case does not qualify in this litigation. Counsel explained that Plaintiffs could either agree to dismiss their case without prejudice or find new counsel. The 19 Plaintiffs in question failed to respond to Counsel's correspondence despite numerous attempts to contact them. Counsel has not obtained

4

permission to dismiss these Plaintiffs' cases and is left with the only remaining option – withdrawal of representation. Plaintiffs will not be prejudiced by this withdrawal since ample time remains for Plaintiffs to find new counsel and/or litigate their case *pro se* with CMO No. 12 in their possession.

15. For these reasons, Adam T. Funk respectfully asks this Court to grant his motion to withdraw as counsel of record in the aforementioned cases.

Respectfully Submitted,

*s/Adam T. Funk*
Adam T. Funk
TX Bar No. 24058657
POTTS LAW FIRM
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
713.963.8881
713.583.5388 facsimile
afunk@potts-law.com

**CERTIFICATE OF SERVICE**

I certify that on January 3, 2020, a copy of Motion to Withdraw as Counsel for Specific Plaintiffs was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Defendant:

Stephen J. Harburg
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111

*s/Adam T. Funk*
Adam T. Funk