IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Docket No.  3:11-MD-2244-K |
| -------------------------------------------- | § § | |
| This Document Relates to All Cases | § | Honorable Ed Kinkeade |
| -------------------------------------------- | § | |

## CASE MANAGEMENT ORDER NO. 13

This Order sets forth the guidelines governing mediation and the applicable procedure for extending the deadlines in Case Management Order No. 12 [Doc. 1054].

**I. MEDIATION**

1. The parties to cases in this MDL shall participate in a mediation, whereby the court-appointed mediator will assist them in attempting to reach a resolution of the dispute (the "Mediation").

2. The parties shall jointly retain and the Court hereby appoints James M. Stanton as Mediator in this MDL proceeding (the "Mediator"). Mr. Stanton's supplemental responsibilities as the Mediator are in addition to his existing responsibilities as the Special Master [Doc. 81] and Special Allocation Master [Doc. 1033].

3. Any non-party claiming a lien or other asserted interest on settlement proceeds must attend the Mediation in person or by video conference

unless such attendance is waived by the Mediator. If non-party attendance has not been waived, plaintiff shall notify the non-party of the Mediation and of this Order requiring the non-party's participation.

4. The Mediator is authorized to order scheduling conferences to address pending motions and conduct the mediation process as he deems appropriate, subject to the provisions of this Order.

5. The first mediation session shall begin no later than July 1, 2021.

6. No party shall be bound by anything said or done during the Mediation, unless a written and signed stipulation or agreement is entered into by the parties.

7. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All conduct, oral or written, made during the Mediation by any party or a party's agent, employee, or attorney is confidential.

8. All written materials submitted during the Mediation shall be returned to the submitting party at the conclusion or termination of the Mediation.

9. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

10. The Mediator shall periodically report to the Court on the Mediation status, but such reports should be limited to general matters and not pertain to specifics, including but not limited to merits of the Mediation, the respective parties' positions, or statements made during the proceedings.

11. The Mediator shall not, without the parties' prior written consent, have ex parte communication with the Court regarding the Mediation. This provision supersedes this Court's January 9, 2012, Order Appointing Special Master [Doc. 81] as it pertains to communications with the Court.

12. No party shall have any ex parte communication with the Mediator unless the communication is instituted by the Mediator; however, the parties are free to initiate non-substantive communication with the Mediator for scheduling or logistical purposes.

13. The Mediator and his agents shall have the same immunity as judges and court employees have under federal and state law from liability for any act or omission in connection with the Mediation, and from

compulsory process to testify or produce documents in connection with the Mediation.

14. The Parties shall not (i) call or subpoena the Mediator, his employees or associates as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions, which the Mediator may have about the Parties in the Mediation; (ii) subpoena any notes, documents or other materials prepared by the Mediator in the course or in connection with the Mediation; and (iii) offer in evidence any statements, views, or opinions of the Mediator.

15. Any party has the right to withdraw from the Mediation at any time for any reason.

16. The Mediator's costs and fees shall be paid equally by the parties.

## II. PROCEDURE TO EXTEND LONE PINE ORDER(S)

On September 11, 2019, this Court entered Case Management Order No. 12 [Doc. 1054] requiring certain groups of litigants to respond to and produce specific information regarding their claims. Pursuant to Case Management Order No. 12, the Court permitted extension of the commencement of the discovery obligations to be extended by agreement of the parties, and the Court has been notified of numerous extensions by agreement of the parties. The Court hereby prohibits future extensions by agreement of the parties. Any future extensions must be on motion to the Court indicating the movant has conferred with

opposing counsel and whether the motion is agreed to or opposed by the opposing party.

**SO ORDERED.**

Signed June 3rd, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE