# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE
HIP IMPLANT PRODUCTS LIABILITY LITIGATION    MDL No. 2244

### TRANSFER ORDER

**Before the Panel:** Plaintiffs in two District of New Jersey actions listed on the attached Schedule A move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the actions to MDL No. 2244. Defendants[1] oppose the motions.

After considering the arguments of counsel, we find that these actions involve common questions of fact with the actions previously transferred to MDL No. 2244, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants. *See In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358 (J.P.M.L. 2011). These two actions involve injuries related to DePuy Pinnacle Acetabular Cup System hip implants and fall within the MDL's ambit.

Plaintiffs move to vacate the conditional transfer orders by arguing principally that federal jurisdiction is lacking over their cases.[2] We are not persuaded by this argument. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[3] *See,*

---

[1] DePuy Synthes Sales, Inc., and Medical Device Business Services, Inc. (collectively, DePuy).

[2] Plaintiffs argue at length that their motions to remand their actions to state court are likely to be granted. However, "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

[3] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

*e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Plaintiffs also argue that their claims should not be delayed and that they should not have to comply with the rigorous claim substantiation orders in MDL No. 2244 before their motions to remand are resolved. We have rejected similar arguments from plaintiffs' counsel. *See* Transfer Order, *Murphy v. KB Orthopedics, Inc.*, No. 4:21-cv-00049 (J.P.M.L. filed Aug. 10, 2021); Transfer Order, *Shattuck v. A1A, Inc.*, No. 2:21-cv-00945 (J.P.M.L. filed Oct. 4, 2021). Plaintiffs should present these arguments to the transferee judge.

IT IS THEREFORE ORDERED that these actions are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable James E. Kinkeade for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton      Matthew F. Kennelly
David C. Norton          Roger T. Benitez
Dale A. Kimball          Madeline Cox Arleo

**IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE**
**HIP IMPLANT PRODUCTS LIABILITY LITIGATION**            MDL No. 2244

## SCHEDULE A

<u>District of New Jersey</u>

THICK v. MEDICAL DEVICE BUSINESS SERVICES, INC., ET AL.,
  C.A. No. 3:21−16661
HITCHCOCK v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−17120