UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCT LIABILITY LITIGATION | ) ) ) MDL Docket No. 3:11-MD-2244-K ) ) Honorable Ed Kinkeade |
| This Document Relates To: ALL CASES | ) ) |

**DEFENDANTS' RESPONSE TO MOTION TO ENFORCE 8/14/12 ORDER STAYING CASES WITH PENDING REMANDS TO STATE COURT**

Defendants Medical Device Business Services, Inc. (f/k/a DePuy Orthopaedics, Inc.); DePuy Products, Inc.; and Johnson & Johnson, Inc. (collectively, "Defendants"), respectfully submit this response to the Motion to Enforce 8/14/12 Order Staying Cases with Pending Remands to State Court filed by Maglio Christopher & Toale Law Firm (ECF No. 1213).

After litigating 65 cases to resolution in the Pinnacle MDL between 2012 and 2020 and receiving all of the benefits underlying the Judicial Panel on Multidistrict Litigation's (the "Panel") centralization order, Maglio Christopher & Toale ("the Maglio Firm") has spent the last year filing a slew of new Pinnacle cases that it does *not* want to litigate in the MDL, apparently hoping to gain a strategic advantage in courts far less familiar with this complex litigation. Largely unsuccessful in that gambit (the Panel has repeatedly transferred Maglio Firm cases to the MDL and most transferor courts have chosen to stay those cases pending MDL transfer), the Maglio Firm continues to contest this Court's jurisdiction and has filed motions to remand in seven of the cases currently pending in this Court. Moreover, with its present motion, the Maglio Firm seeks to stay any pretrial activities in its cases until the Court has decided the pending motions to remand. The Maglio Firm has not, however, articulated any good faith basis for why preliminary case-

specific discovery and mediation should not proceed. Accordingly, its Motion to Stay should be denied.

On August 14, 2012, at a time when dozens of remand motions were pending in this MDL, the Court entered its Order Regarding Cases Removed From State Court (ECF No. 189). That order provided, among other things, that pretrial activities would be stayed in cases in which motions to remand were pending. The motions to remand filed by the Maglio Firm are being considered pursuant to that order, and nothing prevents the Court from lifting the stay before the motions have been decided.

Seven years later, on September 11, 2019, the Court entered Case Management Order No. 12 (ECF No. 1054), which requires Plaintiffs to provide, among other things, updated fact sheets, preservation of records requests, and complete medical records. In addition, Plaintiffs must provide case-specific expert reports on any claims of design defect, manufacturing defect or failure to warn. And on June 3, 2021, the Court entered Case Management Order No. 13 (ECF No. 1150), which requires the parties to mediate unsettled cases. Since CMO 12 and 13 were entered after the August 2012, order, it is reasonable to conclude that they supersede the stay imposed by the earlier order.

Moreover, none of the requirements under CMO 12 or 13 are unreasonable or impose burdens that Plaintiffs would not otherwise have to meet if their motions to remand are granted. Nor do they address the merits of Plaintiffs claims. Rather, those orders simply require Plaintiffs to provide basic facts about their cases, preserve and produce medical records, provide expert evidence relating to alleged defects and participate in mediation. These are all tasks Plaintiffs will be required to undertake even if they are successful in having their cases remanded to their respective state courts. Thus, requiring Plaintiffs in these cases to participate in this limited pre-

trial activity while motions to remand are pending does not harm Plaintiffs and only serves to move these cases forward more quickly.

For the foregoing reasons, the Court should deny the Motion and Order Plaintiffs to comply with CMO 12 and 13.

Respectfully submitted,

/s/ John H. Beisner_____
John H. Beisner
Jessica Davidson Miller
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000
John.Beisner@skadden.com
Jessica.Miller@skadden.com


/s/ Terri L. Bruksch_____
Terri L. Bruksch
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN  46204
(317) 236-1313
Terri.bruksch@btlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2022 I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

      /s/ Terri L. Bruksch