UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCT LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 2244<br><br>Honorable Ed Kinkeade |

**THIS DOCUMENT RELATES TO:**

*Cases on the attached Schedule A*

### DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' STATUS REPORT OF AUGUST 1, 2022

Plaintiffs' various responses to Defendants' Status Report all advance the same argument: that this Court should "immediately" enter suggestions of remand in pending cases so that the transferor courts can oversee case-specific discovery and resolve jurisdictional remand motions. (*See, e.g.*, mctlaw Pls.' Obj. at 1-7; *see also, e.g.*, *Scannell* Pls.' Resp. at 1-2; *Coblin* Pl.'s Resp. at 1-2; *Hill* Pl.'s Resp. at 1-2.) Plaintiffs' position fundamentally misperceives the expertise the Court has gained in managing this complex litigation and, if accepted, would generate the kind of "duplicative discovery" and "inconsistent pretrial rulings" that the Judicial Panel on Multidistrict Litigation ("JPML") sought to avoid when it created the Pinnacle MDL proceeding, by requiring different courts that lack familiarity with the complex issues in this litigation to quickly get up to speed and then manage overlapping discovery and cross-cutting jurisdictional questions. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011). Accordingly, this Court——not the transferor courts—is best suited to resolve these remaining pretrial activities.

In the event the Court declines to conduct case-specific discovery or rule on pending jurisdictional motions before remand or transfer, it should adopt an MDL closing order that establishes an orderly process for remanding cases. Notably, plaintiffs do not appear to

challenge defendants' request for such an order, but disagree that the longest-pending cases should be remanded or transferred first, asserting that such a chronological approach would be "inefficient" and "unnecessary." (mctlaw Pls.' Obj. at 8.) Plaintiffs' position—that all cases identified in defendants' monthly status reports should be remanded in the months in which they are identified—is arbitrary and would allow cases that have only recently been filed to skip ahead of cases that have been pending far longer.

*First*, case-specific discovery is a matter uniquely appropriate for this Court. There is likely to be substantial overlap in any case-specific discovery, both among the pending cases and with those that have already been fully litigated under this Court's management and expertise. Indeed, the fact that many of the pending cases were filed by plaintiffs represented by the same counsel makes it likely that the same set of experts will seek to offer opinions on the adequacy of the warnings that accompanied the Pinnacle Cup System, whether the device was defectively designed and whether any such defects caused plaintiffs' claimed injuries. It would be much more efficient for a single judge, who has already managed complex expert discovery and adjudicated related *Daubert* motions, to oversee similar discovery and resolve any related issues that arise in the remaining cases. *See, e.g.*, *In re Baycol Prods. Litig.*, 265 F.R.D. 453, 455-56 (D. Minn. 2008) (refusing to suggest remand until, *inter alia*, "[c]ase-specific fact and expert discovery has been completed," recognizing that "[t]he accrual of judicial expertise is central to the multi-district litigation process"); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2019 WL 294803, at *5 (D. Kan. Jan. 23, 2019) (denying motion for suggestion of remand in part because expert testimony would be relevant across multiple cases, even though "expert issues . . . will turn on case-specific questions"). Notably, authority cited by the *Scannell* plaintiffs recognizes the wisdom of this

2

approach.  *See In re Patenaude*, 210 F.3d 135, 146 (3d Cir. 2000) (cited in *Scannell* Pls.' Resp. at 2) ("because the transferee court is conducting discovery on overlapping issues that affect many asbestos cases, even if not the plaintiffs', coordinated pretrial proceedings have not concluded, and the plaintiffs have not demonstrated a clear and indisputable right" to remand).

Although plaintiffs cite a few cases for the proposition that a suggestion of remand is "appropriate where the remaining litigation is entirely case-specific" (mctlaw Pls.' Obj. at 2), those cases are inapposite.  For example, in *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001) (cited in mctlaw Pls.' Obj. at 2), the court not only **denied** a plaintiff's request for a suggestion of remand, but did so where the plaintiff had "demonstrated compelling circumstances"—e.g., the pendency of a trial date.  *See id.* at 1198 & n.3.  In *In re Takata Airbag Products Liability Litigation*, MDL No. 2599, 2020 WL 1057481 (S.D. Fla. Feb. 28, 2020) (cited in mctlaw Pls.' Obj. at 2), the court suggested remand because the remaining discovery "ha[d] **no** relation to the common liability discovery" that had been completed earlier in the MDL proceeding and because "common counsel . . . ha[d] demonstrated their ability to cooperate and resolve disputes *without court supervision*."  *Id.* at *4-5 (emphases added).  The JPML remanded a putative class action in *In re Evergreen Valley Project Litigation*, 435 F. Supp. 923 (J.P.M.L. 1977) (cited in *Scannell* Pls.' Resp. at 2), because that case "concern[ed] only Series B bondholders,  [and, thus,] w[ould] no longer benefit from multidistrict treatment with the three actions concerning only Series A bondholders."  *Id.* at 924.  And remand was suggested in plaintiffs' final case because, "[d]espite the years of litigation, there ha[d] been little dispositive motion practice, and th[e] court's knowledge of the facts or legal issues remain[ed] superficial."  Pretrial Order No. 43 at 6, *In re Navistar MaxxForce Engines Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 2590 (N.D. Ill. Sept. 17, 2020) (cited in mctlaw Pls.' Obj. at 2-

3

3) (Ex. 1) (Appendix p. 6).[1] In short, plaintiffs' cited cases—all of which involved unique circumstances not present here—do not support their position.

Plaintiffs also emphasize that defendants "previously argued before this Court that case-specific discovery is better conducted by trial courts." (mctlaw Pls.' Obj. at 3.) But the complexion of this MDL proceeding has changed significantly since 2017 and 2018 when the PEC and the defendants separately requested that the Court suggest remand of pending cases to the transferor courts. By the end of 2018, more than 10,000 cases involving the Pinnacle Cup System had been filed in or transferred to this Court. At that time, after more than seven-and-a-half years of intense discovery, extensive motion practice and four multi-week trials, the PEC and the defendants agreed to focus their respective efforts on potential resolution. Accordingly, since February 2019, this Court has assisted in bringing many thousands of cases in the MDL to a close.

The Court's active involvement in facilitating resolution through the Court-appointed mediator and reducing the active caseload in the MDL render it best equipped to oversee case-specific discovery and facilitate potential settlement. *See, e.g.*, *In re CenturyLink Sales Pracs. & Sec. Litig.*, MDL No. 17-2795 (MJD/KMM), 2021 U.S. Dist. LEXIS 207280, at *10 (D. Minn. Oct. 27, 2021) ("The factors in favor of keeping the cases centralized before this [c]ourt are even stronger now given the substantial resources already expended in this MDL to acquire deep knowledge and an efficient management structure."); *In re Baycol Prods. Litig.*, 265 F.R.D. at 456 (denying motion for suggestion of remand; "[a]ny court that receives this matter will need to invest significant time learning the issues" to decide pretrial motions and that remand made no

---

[1] The mctlaw plaintiffs also rely on *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) (cited in mctlaw Pls.' Obj. at 2), where the Supreme Court merely held that an MDL court may not "invoke § 1404(a) to assign a transferred case to itself for trial." *Id.* at 28. *Lexecon* did not remotely suggest—much less hold—that an MDL court lacks authority to oversee case-specific discovery.

4

sense in light of the "extensive background, expertise, and knowledge acquired by [the] [c]ourt over the course of [the] litigation"). In short, the Court's successful track record over the last five years demonstrates why case-specific discovery should be completed in the MDL rather than disparate transferor courts.

*Second*, this Court should also resolve pending jurisdictional motions before entering suggestions of remand or transferring cases. As one federal court explained, "[t]he decision by the JPML to transfer [cases] to a court for an MDL proceeding means that any 'similar or identical' jurisdictional issues should be resolved by" the MDL court. *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 943 F. Supp. 2d 1035, 1045 (C.D. Cal. 2013) (citation omitted). The JPML essentially recognized as much when it created the Pinnacle MDL proceeding, reasoning that coordination before this Court would "prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel and the judiciary." *In re DePuy*, 787 F. Supp. 2d at 1360.

That same logic weighs in favor of this Court deciding the pending remand motions, all of which involve cross-cutting jurisdictional issues. In particular, a fundamental issue raised in a majority of those motions is whether claims against non-manufacturer distributor defendants are preempted by federal law under *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 624-25 (2011), and *Mutual Pharmaceutical Co. v. Bartlett*, 570 U.S. 472 (2013). And certain other motions focus on the propriety of joining Johnson & Johnson, the parent company of DePuy, and Johnson & Johnson Services, Inc., another J&J subsidiary (collectively, the "J&J defendants"). Thus, if the motions to remand are decided by the respective transferor courts, there will be a real "potential for conflicting contemporaneous pretrial rulings" on virtually identical jurisdictional issues. *Michael v. Warner-Lambert Co.*, No. 03cv1978 DMS(RBB), 2003 U.S. Dist. LEXIS 21525, at

*8 (S.D. Cal. Nov. 20, 2003) (quoting *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968)). This is all the more true with respect to the motions related to the J&J defendants, which overlap with a prior motion to remand that the Court ***denied*** back in 2012. *See Davis v. DePuy Orthopaedics, Inc.*, No. 3:11-cv-03526-K, 2012 WL 13228984, at *1 (N.D. Tex. Jan. 6, 2012). In short, plaintiffs' proposal threatens to undermine the goals of "uniformity, consistency, and predictability" that are the bedrock of multidistrict litigation. *Tibbetts v. 3M Co.*, No. 21-2400 SECTION "F", 2022 U.S. Dist. LEXIS 14764, at *5 (E.D. La. Jan. 27, 2022) (citation omitted).

The mctlaw plaintiffs attempt to argue otherwise by asserting that "motions turning on issues of state law are best decided in the jurisdictions most familiar with those laws." (mctlaw Pls.' Obj. at 5.) But as just discussed, the vast majority of pending remand motions raise questions of ***federal*** preemption law, which this Court is obviously well-equipped to resolve. And to the extent certain of the motions do involve questions of state law, this Court is "perfectly capable of applying state law from other jurisdictions and [is] no stranger[] to this process," *Romine v. Uber Techs., Inc.*, No. 3:16-CV-371, 2017 WL 11494684, at *3 (E.D. Tenn. May 24, 2017)—which is exactly what it did when it denied remand in *Davis*.[2] Accordingly, the pending remand motions, just like case-specific discovery, are matters well suited for this Court.

***Third***, plaintiffs largely ignore defendants' argument that, in the event the Court chooses not to conduct any further pretrial activity, it should adopt an MDL closing order that establishes an orderly process for remanding and transferring the longest-pending cases first. Thus,

---

[2] Plaintiffs' cases are inapposite both because the motions in question turned entirely on questions of state law and because they did not overlap with prior motions already decided by the MDL court. *See, e.g.*, *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 Civ. 5440(RJH), 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011) (finding that transferor courts should decide motions for summary judgment involving Texas law); *In re Takata Airbag Products Liab. Litig.*, 2020 WL 1057481, at *4 (noting in passing that "transferor courts are 'familiar with the state law of their respective jurisdictions'") (citation omitted).

6

plaintiffs effectively concede that such an order (like the one entered by Judge Goodwin in the Ethicon pelvic mesh MDL) would help both the parties and the transferor courts maximize the benefits of the Pinnacle MDL and avoid duplicative discovery. And although the mctlaw plaintiffs challenge defendants' request for chronological remand (i.e., remanding the oldest cases first), they do not offer any reasoned justification beyond their conclusory claim that "[s]uch request is inefficient and creates unnecessary delay given the limited number of cases." (mctlaw Pls.' Obj. at 8.) In truth, remanding cases in the order in which they were filed is both logical and fair and is the best way to ensure that the longest-pending cases are tried before more recently filed cases. By contrast, the mctlaw plaintiffs' approach—that all cases identified in defendants' monthly status reports should be remanded in the months in which they are identified—is arbitrary and would unfairly delay the progress of cases that have been pending far longer than more recently filed cases.

For all of these reasons, plaintiffs' various objections to Defendants' proposal for bringing this MDL proceeding to a close all lack merit and should be rejected.

Dated:  August 10, 2022

Respectfully submitted,

By:  /s/ Terri L. Bruksch
Terri L. Bruksch
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-7246
Terri.Bruksch@btlaw.com

*Counsel for Defendants Medical Device Business Services, Inc., f/k/a DePuy Orthopaedics, Inc., DePuy Synthes Sales, Inc., Johnson & Johnson and Johnson & Johnson Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties that are CM/ECF participants in this action.

By: /s/ Terri L. Bruksch
*Counsel for Defendants Medical Device Business Services, Inc., f/k/a DePuy Orthopaedics, Inc., DePuy Synthes Sales, Inc., Johnson & Johnson and Johnson & Johnson Services, Inc.*